JEFFIE EASTMAN v. T. J. EASTMAN.

No. 2861.

1. **Divorce—Cruelty in Absence of Violence to Person.**—In absence of physical violence by the husband, in order to entitle the wife to a divorce she must show cruel treatment such as will produce a degree of mental distress which threatens at least to impair her health.

2. **Same.**—See facts warranting a divorce at suit of the wife.

APPEAL from Hunt. Tried below before Hon. E. W. Terhune.
The opinion states the case.

*Perkins, Gilbert & Perkins,* for appellant. — 1. Neither bodily violence nor the fear of its infliction by the husband upon the wife is necessary to entitle the wife to a divorce for cruelty under our statute. Jones v. Jones, 60 Texas, 460; Sheffield v. Sheffield, 3 Texas, 79; 1 Bish. on Mar. and Div., secs. 730a, 733a, 718; Tourné v. Tourné, 9 La. Ann., 452; Wright v. Wright, 6 Texas, 17; Carpenter v. Carpenter, 46 Am. Rep., 108.

2. While mere words alone, unaccompanied by other acts of cruelty (except accusations of unchastity), are insufficient to warrant a divorce,

the other acts of cruelty can not under our statute be restricted to bruises and blows inflicted upon the body.   Jones v. Jones, 60 Texas, 451; Carpenter v. Carpenter, 46 Am. Rep., 108; Shreck v. Shreck, 32 Texas, 583.

3.   Habitual cursing of his wife, refusal to provide for her, subjecting her to hardships and exposure when in a critical condition, neglect of her during her serious illness, by which her health and life were endangered, accusing her of telling lies, and other acts of cruelty found by the court in this case, are such excesses, cruel treatment, or outrages toward the wife in this case as to render her living with him insupportable within the meaning of the statute of Texas.   Wright v. Wright, 6 Texas, 3; 1 Bish. on Mar. and Div., 6 ed., secs. 728–730a, 733, 735; Rose v. Rose, 4 Eng., 507; Bowers v. Bowers, 19 Mo., 351; Taylor v. Taylor, 18 Texas 574; 1 Bish. on Mar. and Div., sec. 718; Rice v. Rice, 6 Ind., 100; 1 Bish. on Mar. and Div., sec. 725.

No brief for appellee reached the Reporter.

GAINES, ASSOCIATE JUSTICE.—This was a suit for divorce, brought by the appellant against her husband.   The alleged ground of the action was cruel treatment.   There is no statement of facts in the record, but the trial judge has filed his conclusions of fact and law, and the assignments of error, in effect, claim that the court erred in determining that upon the facts found the plaintiff was not entitled to a decree of divorce.

We are of opinion that the learned judge has applied too rigid a construction of the statute to the facts of the case.   It has been sometimes held, and more frequently said, under statutes allowing a divorce on the ground of cruelty, that there usually must be some act of physical violence on part of the defendant in order to justify a decree for the complaining party.   But we think the weight of authority is the other way. Cruelty is a ground for a decree of separation from bed and board in the ecclesiastical courts of England, and we understand the rule there to be that if the conduct of the defendant be such as should reasonably be held to threaten an impairment of the health of the wife, a decree of separation will be granted.   Our statutes allow a divorce "where either the husband or wife is guilty of excesses, cruel treatment, or outrages towards the other, if such ill treatment is of such a nature as to render their living together insupportable."   Sayles' Rev. Stats., art. 2861.

Whether or not the use of the words "excesses," "outrages," and "ill-treatment" were not intended to extend relief in cases of conduct not strictly cruel, as defined by the English courts, we need not pause to inquire.   The language of the statute is borrowed from the Civil Code of Louisiana, and construing the similar provision of that code the Supreme Court of that State say:   "A series of studied vexations and provocations on part of a husband, without ever resorting to personal violence, might

constitute that degree of cruel treatment and outrages which would be a just ground for separation from bed and board." Touné v. Touné, 9 La. Ann., 452. In Sheffield v. Sheffield, 3 Texas, 79, our own court say: "It can not be doubted that a series of studied vexations and deliberate insults and provocations would under our statute be a sufficient cause for divorce, without apprehensions of personal violence or bodily hurt." But excluding the exceptional case of Wright v. Wright, 6 Texas, 3, in which the cruelty alleged consisted in part of the murder of plaintiff's son by her husband, we believe that no decision of this court can be found in which a judgment for divorce on the ground of cruelty has been permitted to stand, in the absence of some degree of physical violence, except those in which the husband had accused the wife of infidelity. Jones v. Jones, 60 Texas, 461; Bahn v. Bahn, 62 Texas, 518. This course of decision seems to have led to the conclusions of law announced by the learned judge who tried the case below. But it does not follow that because no such decision can be found that a case of cruelty sufficient to justify a divorce may not exist, in which neither personal violence nor an unsupported charge of adultery is found as an element.

In Wright v. Wright, *supra*, the refusal by the husband of medical aid to the wife during a violent attack of sickness was one of the acts of cruelty alleged as grounds for a divorce, and in the opinion was relied upon as one of the averments upon which the sufficiency of the petition was sustained. An alleged order to the family physician not to attend upon the wife in case of illness, though no sickness actually existed at the time, was treated in the leading case of Evans v. Evans, 4 Engligh Ecclesiastical Reports, 350, as if it might be deemed an act of cruelty; but it was held that the allegation was not sufficiently proved. A similar doctrine seems to have been recognized in Dysart v. Dysart, 1 Robertson's Ecclesiastical Reports, 106.

It has generally been held that when there is no physical violence the cruel conduct, in order to warrant a divorce, must be such as will produce a degree of mental distress which threatens at least to impair the health of the injured party. If it be cruel on part of one spouse to pursue a course of conduct towards another which is calculated to impair the health of the complaining party, consistency demands that it should also be deemed cruel to willfully refuse to take steps to restore the health when illness already exists. In addition to the immediate physical consequences of such refusal, it is calculated to cause distress to a sensitive mind, and thereby to increase the difficulties of the bodily infirmities. We do not wish to be understood as holding that the mere failure or inability of a husband to furnish medical attendance to the wife is a ground for divorce in any case, any more than a general inefficiency and worthlessness in the performance of other duties. But when the failure is accompanied by such circumstances as to afford a reasonable presumption that it was

·either intentional or the result of such carelessness and indifference as to be equivalent to the same thing, and the wrong has been repeated, we see no sufficient reason for denying relief.

In the case before us, the court found that the plaintiff had been tenderly reared, and that she was a woman of fine sensibilities; that the defendant was capable of earning a support for his family, but that he took to drink, and left the burden upon her to maintain not only herself and ·child but him also. It was also found that he was generally unkind to her, and habitually addressed her in an unfeeling and insulting manner, and with oaths; that on one occasion when she was sick and under medical treatment, he failed to administer medicines which had been prescribed by her physician, and that such failure resulted in the serious injury of her health. Upon another, he discharged her physician during a ·critical illness, and she immediately grew worse. Upon a third, when pregnant, a severe illness was induced by exposure in bad weather from milking cows, a work which, upon her request, he had refused to do; and when told of her condition and asked to go for a physician, he refused with an oath, saying she was only "mad." Her attack resulted in a miscarriage. Under all the circumstances, his conduct in the last instance seems to us to have been either actuated by malice or to have been the result of such brutal indifference to her sufferings as should be considered equivalent to an intentional wrong. Every case of this character must be determined by its own peculiar facts. It is impossible to lay down any precise rule by which to decide under a given state of facts whether legal cruelty does or does not exist. But we think the findings of the court· show in the present instance.such "excessive cruel treatment and·outrages" as to demand that a divorce should be granted.

The record shows that the custody of a child of the parties was involved in the determination of the case. The judgment will therefore be reversed, and with instructions to enter a decree for divorce in favor of appellant upon the facts already found, and to make such orders in regard to the custody of the child as the testimony upon that issue may warrant.

The judgment is reversed and the caused remanded.

*Reversed and remanded.*

Delivered December 10, 1889.