### Celia McKay v. R. L. McKay.

Decided December 5, 1900.

**Divorce—Cruel Treatment.**

Proof to the effect that defendant induced plaintiff to marry him by deceitful conduct, coupled with assurances that she would otherwise be disgraced, and two days thereafter deserted her without cause, whereby she became greatly distressed and was sick for a long time, does not show cruel conduct that would warrant a divorce, since it does not appear therefrom that the mental distress is of such character and degree as threatens to permanently impair plaintiff's health. Following Eastman v. Eastman, 75 Texas, 475.

Appeal from Dallas. Tried below before Hon. Richard Morgan.

*Barry Miller,* for appellant.

BOOKHOUT, Associate Justice.—This suit was instituted by appellant, as plaintiff, against appellee, as defendant, on the 9th day of December, 1899, for divorce. There was judgment refusing a divorce, and appellant has duly prosecuted an appeal to this court.

Plaintiff testified in her own behalf, in substance, that she and de-

fendant were married on August 16, 1899. At that time she was only 16 years old. She had been acquainted with defendant about six months. Previous to her marriage she was living with her father and mother. On the night before her marriage, she, in company with appellee in one buggy, and her sister, accompanied by a gentleman, in another buggy, started from Dallas to go out in the country to attend a camp-meeting. They had intended to go in a double surrey, but not being able to get one, were compelled to go in separate buggies. She testified that none of the party except appellee knew the way to the place where the meeting was held, and that he took them there without any trouble; that when they started home appellee told those in the other buggy to lead the way, and that then he drove slow until the buggy with her sister and her escort became separated from them. Appellee continued to drive for some time, and then told her that he was lost and kept her out all night. When daylight came appellant says she was frightened and in such a nervous condition as to hardly know what she was doing; that appellee told her that unless she married him that she would be disgraced; that they had been out together all night long; that people would know of it, and talk about it; that he loved her, and would take care of her; that relying upon these protestations she consented, and they were married at the courthouse in the city of Dallas on that morning. They went to a boarding-house in Dallas, where they lived two days as husband and wife. In the morning of the third day appellee informed her that he had not lost his way; that he had simply done what he did for the purpose of inducing her to marry him. He then left her, and has not been near her since, nor supported her, nor communicated with her. He has lived here in Dallas all the time. Her mother came and took her home from the boarding-house. She further testified that defendant failed to pay the board, and her mother had to pay it. From the shame and humiliation she suffered she was sick for some time. The only additional testimony was that of plaintiff's sister, who testified that she went with her mother to get her sister, the plaintiff, after defendant deserted her. She stated that they found her sick in bed. The mother paid the board of defendant and her sister, and took her home, where she has lived ever since. She further stated that plaintiff suffered great humiliation from the defendant's treatment of her, and was sick for a long time after they took her home.

Plaintiff assigns but one error, which is, the court erred in refusing to grant her a divorce under the evidence. The petition bases the ground for divorce upon cruel treatment by the defendant towards the plaintiff, which she alleges is such as to render their further living together insupportable.

The question then arises, do the facts show such cruel treatment as would authorize the granting of a divorce? The facts do not show any physical violence on the part of the defendant towards the plaintiff. In such a case the cruel conduct, in order to warrant a divorce, must be such as will produce a degree of mental distress which threatens to

impair the health of the injured party. Eastman v. Eastman, 75 Texas, 475.

The evidence shows that the plaintiff was greatly distressed by being abandoned by the defendant. From this distress she became sick, but it does not appear what was the nature or character of the sickness, or the length of time of the same.

It is to be inferred from the evidence that she has recovered, and that her health is in no way impaired or threatened with impairment by the defendant's conduct. The facts do not bring the case within the law as laid down in the above case. The evidence shows a case of cruel desertion on the part of the defendant, and of an absolute disregard on his part of his marriage vows. The length of time, however, which has expired since said desertion would not, under the statute, authorize the granting of a divorce on that ground.

We conclude that there was no error in refusing the divorce by the trial court, and the judgment is therefore affirmed.

*Affirmed.*