BLOCH v. BLOCH. (No. 646.)

(Court of Civil Appeals of Texas. El Paso. Dec. 7, 1916. Rehearing Denied Jan. 5, 1917.)

1. DIVORCE ⬪93(3) — PLEADING—PETITION— SUFFICIENCY.

In a wife's suit for divorce on the ground of cruel treatment, in the absence of an allegation of physical violence or imputation of want of chastity the petition must allege such treatment as will produce a degree of mental distress which threatens to impair her health.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 300, 304–307; Dec. Dig. ⬪93(3).]

2. DIVORCE ⬪93(3)—PLEADING—PETITION— SUFFICIENCY—SPECIAL EXCEPTION.

In a wife's suit for divorce on the ground of cruel treatment, a petition, which failed to specifically state the time, place, and material circumstances of acts of cruel treatment alleged, is insufficient upon special exception, as stating merely the conclusion of the pleader.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 300, 304–307; Dec. Dig. ⬪93(3).]

3. DIVORCE ⬪91—PLEADING—JURISDICTIONAL FACTS.

In a divorce case, a petition should follow the language of the statute respecting jurisdictional facts of residence in the state and county.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 287–289; Dec. Dig. ⬪91.]

4. DIVORCE ⬪150(2) — TRIAL — FINDINGS OF FACT AND CONCLUSIONS OF LAW.

In a divorce case, where the evidence was conflicting upon material issues, the failure of the court to file findings of fact and conclusions of law upon seasonable request therefor was error.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 505–508; Dec. Dig. ⬪150(2).]

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

---

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Suit for divorce by Annie Klein Bloch against Herman Bloch. Decree for plaintiff, and defendant appeals. Reversed and remanded.

Jno. T. Hill and C. W. Croom, both of El Paso, for appellant. P. E. Gardner and W. S. Berkshire, both of El Paso, for appellee.

HIGGINS, J. Appellee brought this suit against appellant for divorce, settlement of property rights, and partition, and for custody of a minor child. As grounds for divorce, it was alleged that about three years before the parties separated—

"the defendant began a course of unkind and inhuman, harsh and tyrannical, treatment towards plaintiff, which continued until plaintiff was forced and compelled to abandon defendant, as aforesaid; that the defendant often cursed and abused plaintiff and applied to her the vilest and most approbrious epithets without any cause or provocations whatever on the part of this plaintiff; that he was guilty of inhuman treatment and gross excesses at all times; that he would frequently stay out all night and gamble away his money; that he kept company with women of ill repute; that he contracted a contagious and loathsome disease known as syphilis; that he was at all times quarrelsome and abusive; that on the —— day of September, 1915, in their home at El Paso, Tex., he boasted of his conduct with other women; that he called plaintiff vile names and threatened to kill her, and offered to strike her with a chair; that he frequently threatened her life, and plaintiff lived in constant fear of her life, and heaped upon her such abuses as to endanger her health and make her life unbearable; that he refused to contribute to the support of plaintiff, and although he made considerable money, he would squander it in gambling and other vices; that he would often curse and abuse plaintiff's mother and her brother; that his course of conduct towards her generally was of such a nature as to make her life unbearable and to render their further living together as husband and wife insupportable."

To the portion of the petition quoted, defendant filed the following special exceptions:

"Defendant excepts to the third paragraph for the reason that the same embodies the conclusions of the pleader, indefinite and uncertain, for the reason that it fails to state the time and place of the various charges made therein against defendant; defendant excepts to that portion of said paragraph 3 that alleges, on the —— day of September, 1915, that defendant boasted of his conduct with other women; that he called plaintiff vile names, and threatened to kill her, and offered to strike her with a chair, threatened her life, and abused plaintiff in such way as to endanger her health, for the reason it is nowhere alleged that plaintiff feared that defendant would enforce his threats, and failed to allege that she feared defendant, and fails to allege that his threats and conduct did in truth and in fact endanger her life or her health. Defendant excepts to that portion which alleges that defendant failed to support plaintiff for the reason that she was not in need of means of support, also defendant excepts to that portion of said paragraph which alleges that plaintiff squandered and gambled away his money, and that he cursed and abused plaintiff's mother and brother, because it is not shown that the plaintiff was in need of the money spent by defendant, and that it is not shown that defendant cursed and abused plaintiff's mother and brother without provocation."

The overruling of these exceptions is assigned as error. The law is settled in this

state that, in order to entitle the wife to a divorce upon the ground of cruel treatment, in the absence of physical violence or accusations imputing to her a want of chastity, she must show such treatment as will produce a degree of mental distress which threatens to impair her health. Bush v. Bush, 103 S. W. 217; Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107; McKay v. McKay, 24 Tex. Civ. App. 629, 60 S. W. 318; Ryan v. Ryan, 114 S. W. 464.

[1] The petition alleges no physical violence towards appellee, nor any imputation of a want of chastity, and the exception should have been sustained which complains of the failure to show any threatened impairment of plaintiff's health by reason of defendant's threats and conduct. It is true there is an allegation that defendant "heaped upon her such abuses as to endanger her health," but it is not stated what the "abuses" were, and there is nothing to show that such "abuses" referred to the threats and conduct against which the special exception was particularly directed.

[2] Another established rule in divorce cases is that the acts complained of must be specifically stated as to the time, place, and material circumstances. General charges of excesses, cruel treatment, and outrages are conclusions of the pleader, and are insufficient upon special exception. The acts relied upon as constituting the same should be stated so that the court may determine whether they constitute such excesses, cruel treatment or outrages, as the statute contemplated. The defendant's special exception, complaining of the insufficiency of the petition in this respect, was improperly overruled. Wright v. Wright, 3 Tex. 168; Byrne v. Byrne, 3 Tex. 336; Nogees v. Nogees, 7 Tex. 538, 58 Am. Dec. 78; Jones v. Jones, 41 S. W. 413.

It is quite manifest that many of the plaintiff's allegations are subject to the objection that they embody merely the conclusion of the pleader; that they are indefinite and uncertain in the particulars pointed out by the exception.

Various assignments question the sufficiency of the evidence. In view of a retrial, we refrain from commenting upon the probative force of the evidence.

[3] It is also asserted that the petition fails to sufficiently allege that at the time of exhibiting her petition, the plaintiff had been an actual bona fide inhabitant of the state for a period of 12 months, and had resided in El Paso county for six months next preceding the filing of the suit. The petition is possibly sufficient in that respect, but we suggest that it would be well to follow the language of the statute respecting these jurisdictional facts. By so doing, this question, upon retrial, will be freed of any doubt.

In view of this reversal, it is unnecessary to pass upon the assignment complaining of

the court's action in awarding the custody of the child to Mrs. Bloch.

. [4] Error is also assigned to the failure of the court to file findings of fact and conclusions of law. A seasonable request therefor was made and bill of exception taken to the court's failure to file same. It is true there is a statement of facts in the record, but the evidence is conflicting upon material issues. In such case, it is error to fail to comply with a request for such findings. It is a right granted by the statute, and we are unable to say that the failure to comply with the request is not harmful in such cases. Our views upon this subject are well stated in Kyle v. Blanchette, 158 S. W. 796, and Herman v. Bailey, 174 S. W. 865. See, also, Wandry v. Williams, 103 Tex. 91, 124 S. W. 85; Wood v. Smith, 141 S. W. 795.

Reversed and remanded.