· ROWDEN v. ROWDEN. (No. 6218.)

(Court of Civil Appeals of Texas. San Antonio. May 7, 1919.)

1. DIVORCE ☞99 — PLEADING — CRUEL AND INHUMAN TREATMENT — ALLEGATION OF FACTS.

Cross-action in divorce suit alleging "cruel, harsh, and inhuman treatment," though in words of statute, does not state cause of action for divorce; it being necessary to state the facts and circumstances constituting the cruel, harsh, and inhuman treatment.

2. DIVORCE ☞88, 124—PLEADING—PROOF.

Accurate pleading and clear and convincing proof should be demanded before the marriage relation is dissolved.

Error from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Eugene G. Rowden against Gertrude Rowden, in which defendant filed cross-action. Decree for defendant, and plaintiff brings error. Reversed and remanded.

Bee & Lange and Leonard Doughty, all of San Antonio, and J. N. Townsend, of Dallas, for plaintiff in error.

FLY, C. J. This is a suit for a divorce and custody of a male child eight years of age, instituted by plaintiff against defendant. The suit was filed on January 10, 1918, and sought a divorce on the ground of abandonment and cruel and unkind treatment of plaintiff by defendant, and on April 29, 1918, defendant answered by a denial of the charges and filed a cross-action alleging "cruel, harsh, and inhuman treatment" of her by plaintiff, and she sought a divorce. The court decreed a divorce in favor of defendant and gave her custody of the boy, James Rowden, with the privilege to plaintiff of visiting him once a month. This writ of error was applied for on August 21, 1918.

[1] The first assignment of error assails the cross-action on the ground that it fails to allege a sufficient cause for divorce. The pleadings of appellee are very general, merely stating that cruel, harsh, and inhuman treatment caused her to leave her husband on October 13, 1917. What language was used or acts done constituting the cruel treatment was not pleaded. Using the words of the statute are not sufficient. As said by Chief Justice Hemphill in Wright v. Wright, 3 Tex. 168:

"The allegations of the petition tested by the provisions of the statute and the rules of pleading, particularly in controversies of this character, are vicious from want of specification of facts constituting the offenses, or even averments of a course of misconduct, from which the class of facts relied upon might be inferred. The terms of the statute 'excesses,' cruel treatment and outrages, are conclusions from facts, or are rather compound questions of law and facts; the constituent acts and circumstances of which should be set forth, that the court may judge whether in legal contemplation they are· within the description of the offenses that are· by statute good grounds for divorce."

No court could discover from the allegations of the cross-action what the cruel and inhuman acts were. For 14 years the allegations show defendant had sustained the relation of wife to plaintiff and had borne him a son, now over 8 years of age. After all these years, for some reason not apparent from the pleading, she abandons' him and· seeks to annul her marriage on vague and indefinite charges, insufficient to form the basis for a judgment of divorce. The petition is no better, and fails to state any cause for divorce.

[2] No cause of action is alleged in either· petition or cross-action, but there is an utter disregard of the rules and the requirements of good pleading. No kind of a partnership should be dissolved, much less one which at one time was considered the most sacred of human relations, upon pleadings so loose, indefinite, and unsatisfactory. In the interest of a clean civilization, accurate pleading and. clear and convincing proof should be demand-

ed before the marriage relation is dissolved.

No physical violence is pleaded, nor such cruel conduct as would produce such mental distress that would at least threaten to impair or destroy the health of the injured party. As said by the Supreme Court in Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107:

"It has generally been held that, when there is no physical violence, the cruel conduct, in order to warrant a divorce, must be such as will produce a degree of mental distress which threatens at least to impair the health of the injured party."

The pleadings in this case do not pretend to meet any such rules, which, although sanctified by the experienced and hallowed by the civilization which has come from their observance, have become a mere whisper from the past, to which heed is no longer given. It is well to take our bearings occasionally, to ascertain our location and discover the breakers ahead of our social and domestic life, which, if wrecked, in the long run will destroy our political life and civilization.

The judgment is reversed, and the cause remanded.