## HUBBARD v. HUBBARD.   (No. 1216.)

(Court of Civil Appeals of Texas. El Paso. May 19, 1921.)

Divorce ⬅130—Evidence held not to show husband's cruelty.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4633, requiring full and satisfactory evidence, in divorce proceedings, evidence *held* not to support decree granting wife a divorce for cruelty.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

Suit by Pairilee Hubbard against J. M. Hubbard. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Gilvie Hubbard and Shepherd & Kelly, all of Eastland, for appellant.

Turner & Seaberry, of Eastland, for appellee.

WALTHALL, J. Pairilee Hubbard brought this suit against her husband, J. M. Hubbard, for divorce, for an accounting of amounts of money received by him as rentals from certain real estate, for a partition of the real estate and rentals, and for costs, including attorney's fees.

Appellee alleged her marriage with appellant; that during her married relation appellant was guilty of acts of cruelty, neglect, abuse, and failure of duty, specified in the petition, which rendered their living together insupportable.

The specific acts alleged and upon which evidence was offered are that, while she and her husband were stopping at a hotel in Dallas, in December, 1918, he criticized her personal appearance, told her she was ignorant, called her a bitch, said he could have married another woman more intelligent, better looking, and one he would not be ashamed of; that, when she was sick in bed at Eastland in the summer of 1918, appellant neglected her and failed and refused to care for her or even respect her in her then condition; that during the time she and appellant lived together appellant abused and slandered her to third persons and repeatedly stated that he was ashamed of his marriage to her; that during their marriage appellant corresponded with another woman, and showered his affections upon her, and neglected appellee and denied her the love that was due from him; that appellant openly accused appellee of having murdered her first husband in order to secure the proceeds of a life insurance policy upon her said husband's life; that during the time of her marriage to appellant he sought by persuasion and threats to force her to turn over to his custody and possession her separate property, consisting of valuable lands, notes, and other property; that on the 15th day of April, 1919,

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellant deserted her without cause; and that since that time they have not lived together.

Appellant answered by general demurrer, and special exception, general denial, and specially denied each of the specified acts alleged as grounds for divorce. By cross-action appellant sued for divorce, but does not complain here of the refusal of the court to grant him a divorce.

Both appellee and appellant testified in the case.

The case was tried without a jury, and judgment was rendered granting appellee a decree for divorce, and partitioning the property between appellee and appellant.

The court did not file findings of fact. Appellant insists that the several acts specified as grounds for divorce nor the evidence in support thereof are sufficient to sustain the decree granting the divorce.

We have reviewed the evidence with much care, and in view of the disposition we have concluded to make of the case we have thought it best not to state nor discuss the testimony offered in support of the specific acts charged.

There is such want of allegation and proof of facts which, in our judgment, the decree for divorce should not be sustained.

Article 4633, Vernon's Sayles' Tex. Civil Statutes, prescribes that the decree in divorce proceedings shall be rendered upon full and satisfactory evidence affirming the material facts alleged in the petition. The language used by appellant to his wife, on more than one occasion, was offensive and insulting, and merits the severest condemnation, but, in view of all the undisputed evidence and the circumstances under which the language was used, we have concluded that the decree for divorce was not rendered upon such full and satisfactory evidence as to justify or sustain a decree for divorce. There is no allegation or proof of any act, or threatened act, of physical violence or bodily hurt alleged or proved. The pleadings do not allege nor does the evidence show such acts or conduct on the part of appellant as did produce or was calculated to produce a degree of mental distress which threatened at least to impair the health of appellee. In Bush v. Bush, 103 S. W. 217, it is said that the law is well established by the decisions of this state that, in order to entitle the wife to a divorce in the absence of physical violence, she must show cruel treatment on the part of the husband such as will produce a degree of mental distress which threatens to impair her health. To the same effect is Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107; McKay v. McKay, 24 Tex. Civ. App. 629, 60 S. W. 318; Bloch v. Bloch, 190 S. W. 528; Bolt v. Bolt, 199 S. W. 309. No threatened impairment of the wife's health is alleged or shown; nor does the evidence justify the conclusion that the opprobrious epithets used by appellant to appellee, nor his reference to the death of her former husband, produced a degree of mental distress which threatened to impair her health. She continued to live with appellant after his conduct as complained of, and after their separation she went to where appellant was and insisted that he return to his home. But we prefer to base our opinion, reversing and remanding this case, on our conclusion above suggested that the decree granting the divorce is not based upon such full and satisfactory evidence affirming the material allegations in the petition as to justify the divorce granted. Erwin v. Erwin, 40 S. W. 53; Moore v. Moore, 22 Tex. 237; Smith v. Smith, 218 S. W. 602; Lohmuller v. Lohmuller, 135 S. W. 751; Tanton v. Tanton, 209 S. W. 429; Dickinson v. Dickinson, 138 S. W. 205. As said by Judge Fly in Erwin v. Erwin, supra, "From the standpoint of the trial court, this action in granting the decree was entirely consistent and proper," but the statutes relating to divorces are peculiar, and trial and appellate courts must be satisfied with the evidence as being full and satisfactory, affirming the material facts upon which the decree is granted.

It does not seem to us that the conduct of appellant alone as shown by the evidence, and tested by the statute above referred to, was such as to render their living together insupportable.

We need not discuss the other assignments which raise questions of property rights.

The case is reversed and remanded.

🔑For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes