ERWIN et al. v. ERWIN. (No. 6577.)

(Court of Civil Appeals of Texas. San Antonio. May 26, 1921. Rehearing Denied June 18, 1921.)

1. Divorce ⬳93(3)—Petition alleging cruelty, etc., held sufficient.

In a wife's suit for divorce, a petition alleging habitual indifference, neglect, and failure to support, continual and habitual abuse, nagging and cursing, refusal to support and contribute to the support of the wife and their minor children, or to buy them clothes, and acts humiliating to the wife and rendering their living together as husband and wife insupportable, held sufficient in connection with a trial amendment stating times and details of the matters alleged.

2. Divorce ⬳108—Evidence that husband cursed wife and another in her presence held admissible under petition.

In a wife's suit for divorce, evidence that the husband cursed the wife on different occasions and cursed a third person in her presence held admissible under the petition, especially where the case was tried by the court, who was capable of separating the material testimony from the immaterial.

3. Divorce ⬳124—Court must be satisfied that divorce should be granted.

Whether a divorce case be tried with or without a jury, the trial court must be satisfied from all the testimony that a divorce should be granted as a matter of law, and in case of appeal the Court of Civil Appeals must be likewise satisfied.

4. Appeal and error ⬳742(2)—Jurisdictional question considered though not germane to assignment.

A jurisdictional question must be considered, though assigned as part of an assignment not germane to it.

5. Divorce ⬳27(3)—Physical violence not indispensable to show cruelty.

Under Rev. St. art. 4631, authorizing a divorce for excesses, cruel treatment, or outrages by either party, if such ill treatment is of such a nature as to render their living together insupportable, physical violence need not always be shown, and excesses, cruel treatment, or outrages of such a nature as will produce a degree of mental distress, threatening to impair the health of the injured party, is sufficient.

6. Divorce ⬳27(18)—Husband's mistreatment of wife held to entitle her to divorce.

Where a husband was unsanitary in his person, cursed the wife not only in privacy, but in the presence of others, neglected her and refused to furnish her and their children proper clothing, but allowed the wife to work to help support herself and the children while earning good wages himself, neglected her in her sickness, etc., and such acts were not occasional, but persistent, the wife was entitled to a divorce.

Appeal from District Court, Bexar County; W. S. Anderson, Judge.

Suit by Edna Erwin against W. S. Erwin and others. From a decree for plaintiff, defendants appeal. Affirmed.

Chambers, Watson & Johnson, of San Antonio, for appellants.

O. M. Fitzhugh and L. Allen, both of San Antonio, for appellee.

COBBS, J. This suit was brought by appellee for divorce against appellant and settlement and partition of the community estate between them. Briefly stated, it is alleged they were married in Inglefield, Ind., on or about the 13th day of October, A. D. 1907, and lived together as husband and wife until about a year before the institution of the

present suit, when, because of the cruelties, excesses, and outrages of appellant, she ceased to live with him as his wife or in the same house with him. The statutory grounds for jurisdiction were sufficiently alleged and proven.

It is alleged that soon after the marriage appellant began a course of cruel, excessive, and inhuman conduct towards her, which continued until plaintiff was forced to leave him, and which rendered their future living together as husband and wife insupportable. Those grounds, generalized, are that, though earning good money, appellant wholly failed and refused to provide the ordinary necessities of life for her and their two minor children, so that she has been compelled by her own labor to supply such necessities, or obtain same as the gift of friends and relatives; that during their whole married life the appellant only furnished her two dresses; that she had to keep roomers and do such other work as she could to obtain means of support for herself and the two minor children. During all this time appellant was amply able to provide of his means such necessities for her and their children, but he willfully failed and refused to do so, to her shame, humiliation, and suffering.

Appellee further alleged he was habitually unclean and even filthy in his personal care of himself, going as much as three months at one time without bathing his body, without excuse, humiliating to her, and which made their living together as husband and wife insupportable.

Appellee further alleged appellant during all their married life together was given to violent outbursts of temper and would go into a rage of anger without excuse, justification, or provocation, and would indulge in the use of the most violent language, cursing, and swearing in the presence of and to appellee, and threatened to do her personal violence at times, which humiliated her and caused her great distress of both body and mind; that such line of conduct has been such as to give her great pain of mind and body, and has caused her to fear unless she separate from appellant and have an order restraining him from coming about or interfering with her, her health will be seriously broken and wrecked, which already has rendered their living together as husband and wife insupportable.

There are two children born to them, Lucille, 12 years old, and Geraldine, approaching 8 years old, who have been supported and cared for by appellee, and neglected and disregarded by appellant, and appellee prays for their custody and control.

In reply to the special exceptions appellee filed a trial amendment more definitely and specifically pleading and setting out the facts, times, etc., and more specifically alleging as to the times abusive language was used and circumstances concerning his rages, cursing, and swearing at and to her.

The appellant filed answer, containing general and specific objections to the petition.

It will be observed there is no specific allegation of personal violence.

After hearing all the evidence the court granted the decree of divorce to appellee as prayed for.

[1] We overrule appellant's first, second, third, fourth, and fifth assignments of error, all challenging the sufficiency of the petition to state a cause of action because uncertain in its allegations of what constituted the acts of cruel treatment.

We think the petition and trial amendment sufficiently state a cause of action for divorce. They together state time, place, and material circumstances and acts of cruel treatment sufficiently. It is not necessary to point them out in detail here; the general grounds sufficiently appear as we set them out in the statement of this case and are proven in detail. It is based upon habitual indifference, neglect, and failure to support; continual and habitual abuse upon the part of appellant to appellee, persisted in continuously during the entire period of their married life; nagging, cursing, and abusing her and at her in the presence of others; refusing to support and to contribute to the support of herself and their minor children; refusal to buy her or them clothing; remaining uncleanly and refusing and neglecting to bathe his body, humiliating to her and insupportable.

[2, 3] The sixth, seventh, and eighth assignments of error complain of the action of the court in allowing Edna Erwin, appellee, to testify:

"I ask him to give me a check, and he said, 'Check! check! check! God damn you, that is all you talk about is check!'"

Again:

"My husband came home and asked me where I was going and I told him to the Majestic and he began to curse me. He said, 'God damn you, that is all you do is run around.'"

And again:

"Mr. Henry, the grocer, a little below us, came to the house for his grocery bill, and he came in and cursed Mr. Henry in my presence, and said, 'God damn you, you are afraid you won't get it.'"

These assignments are based on the objection taken at the time that there is no allegation, to support such testimony, irrelevant, immaterial, and prejudicial to the defendant. We think the pleading sufficiently broad enough to admit this testimony. Besides, the case was tried before the court without a jury, who was quite capable to separate the material testimony from the immaterial. Whether a case be tried with or without a jury, the judgment of the trial court, as to

whether or not a divorce should be granted as a matter of law, must be satisfied from all the testimony, and so it must be with this court. Golding v. Golding, 108 S. W. 498.

[4] The ninth assignment of error is that the abusive language set out would not justify the dissolution of the marriage; that no evidence was shown that it produced injury to her mind or health, such as to render their living together as husband and wife insupportable. There is also raised in this same assignment the jurisdictional question that the appellee has not resided in the county of Bexar for a period of six months next preceding the filing of this suit. However illogically assigned as a part of an assignment not germane to it, we consider a jurisdictional question wherever it appears. Nevertheless as to this part of the assignment, the testimony is to the contrary, and it is overruled.

[5] Now as to the other questions: A divorce will be granted to either party where either "is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable." Article 4631, R. S. The statute is very broad. It will be observed that the statute, in referring to excesses, cruel treatment, or outrages, says "if such ill treatment is of such a nature," etc. In defining the words: "Ill conduct" in a divorce statute, it is held in Doe v. Roe, 23 Hun (N. Y.) 19–26, "does not mean ill conduct which was the cause of the ill treatment of complainant by defendant, alleged as a ground of divorce, but means any ill conduct." Huilker v. Huilker, 64 Tex. 2.

The appellant has well presented his theory in his excellent brief. To our mind his error consists of the fact that he seems to think there must always be shown some physical violence to warrant a divorce or such cruel treatment as is tantamount to it. He greatly relies on the opinion of this court in Rowden v. Rowden, 212 S. W. 302. We think the rule is well settled that the ill treatment spoken of in the statute means that such excesses, cruel treatment, or outrage must be of such a nature as will produce a degree of mental distress which threatens to impair the health of the injured party.

[6] Of course, we cannot place one standard of law or rule of conduct for one person that does not apply generally. But under the broad terms of the divorce statute that allows the court to ignore the finding of a jury and enter such judgment as convinces the judicial mind it must mean something more than the strict technical rules and standards applied in each case to every person. The same abuse, cursing and recursing, among a class utterly lacking in refinement, would perhaps pass unnoticed, as no possible hurt might be done to either, while such kept up between refined people would be inexcusable, unbearable, and intolerable, and would indeed be "ill treatment" in the highest degree of excesses and cruelty. Hence the reason of the rule that requires the courts to be satisfied, in each case where the divorce is sought, whether or not it should be granted. We do not think the authorities cited by appellant are to the contrary. Take this case for instance; the trial court had the parties before him and heard the testimony of many other witnesses besides the husband and wife. He saw what we cannot observe except from the record, but what we do see is that there is no language or expression from the appellee lacking in refinement, while the testimony shows the man unsanitary in his person, often not bathing his body, cursing her and at her, not only in privacy, but in the presence of others, neglecting her and refusing to give her and her children proper clothing, the father of two nice little girls, allowing his wife to work to help support herself and children, while earning good wages himself, allowing other people to help clothe his wife, neglecting her in her sickness, and many other elements of ill treatment not necessary to set out here, but sufficient to support the court's findings. If such course of conduct would not ultimately, and did not, "render their living together insupportable," it would be hard to conceive a cause that would have that effect. Bahn v. Bahn, 62 Tex. 521, 50 Am. Rep. 539; Eastman v. Eastman, 75 Tex. 475, 12 S. W. 1107.

Appellant's contention that the failure on the part of the wife to bring this suit earlier is to be held against her is not in our opinion justified by the facts. She is rather to be commended for her hesitancy, which was due to her reluctance to go before a court and expose her domestic life, and she waited, hoping for an improvement, until her girls began to arrive at an age to take notice.

From the earliest decision of our courts, it has never been necessary, under the broad terms of the statute granting divorces because of the ill treatment that amounted to cruel treatment, that there should be personal violence or bodily hurt. Sheffield v. Sheffield, 3 Tex. 87; Wright v. Wright, 6 Tex. 16; Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107; Dawson v. Dawson, 63 Tex. Civ. App. 168, 132 S. W. 381; Jones v. Jones, 60 Tex. 451; Taylor v. Taylor, 18 Tex. 578.

On the subject of divorces this court has been very pronounced against them, except it be made very clear that one should be granted. Lohmuller v. Lohmuller, 135 S. W. 753; Rowden v. Rowden, 212 S. W. 302; Bingham v. Bingham, 149 S. W. 214. We do not intend to limit or qualify those cases. They are authority here. While the pleadings nor evidence set out any physical violence, yet the pleading and evidence show such a line of general, persistent ill treatment, neglect, and disregard for his wife and children as to

render their living together as insupportable. It is not a mere occasional instance of "abusive language used only once, or even at intervals," but is that with many other things and acts done, such as said by the late Justice Neill in Dawson v. Dawson, supra:

"It is now generally held, even in jurisdictions where the common law obtains, unaided by statutes such as ours, regarding causes for divorce, that 'any unjust conduct on the part of either the husband or wife, which so grievously wounds the feelings of the other, or so utterly destroys the peace of mind of the other as to seriously impair the health, or such as to utterly destroy the legitimate purpose and object of matrimony constitutes extreme cruelty,' constituting a cause for the dissolution of matrimony."

Many cases of cruel treatment have been based upon charges of the husband reflecting upon the wife's chastity.

No good woman should be compelled to live with a man who so assassinates her character, but that is not the only character of ill treatment that amounts to cruelty to her. The trial court heard all the testimony in this case and granted the divorce.

We find no reversible error assigned, and overrule the assignments.

The judgment of the trial court is affirmed.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes