## CAYWOOD v. CAYWOOD. (No. 1954.)

(Court of Civil Appeals of Texas. El Paso. Jan. 6, 1927.)

**1. Divorce ⬅93(3) — Sufficient allegation of facts showing cruel treatment alone would be sufficient pleading on which to grant divorce (Rev. St. 1925, art. 4629).**

In divorce suit under Rev. St. 1925, art. 4629, sufficient allegation of facts showing cruel treatment alone would be sufficient pleading on which to grant divorce as against demurrer.

**2. Divorce ⬅90—Petition for divorce must concisely state cause of action, and such other allegations pertinent to cause as plaintiff may deem necessary (Rev. St. 1925, art. 4629).**

Petition for divorce under Rev. St. 1925, art. 4629, must concisely state cause of action, and such other allegations pertinent to cause as plaintiff deems necessary.

**3. Divorce ⬅88, 124—Rules as to sufficiency of pleading and evidence in divorce cases differ from those in other cases.**

Owing to society's interest in marriage contracts and divorce cases, courts will scrutinize pleading and evidence in divorce suits, and apply rule different from that in other civil cases.

**4. Divorce ⬅184(6)—Much latitude is allowed trial court in passing on grounds for divorce (Rev. St. 1925, art. 4629).**

In suit for divorce under Rev. St. 1925, art. 4629, much latitude is allowed trial court in passing on grounds therefor.

**5. Divorce ⬅27(1) — "Cruel treatment" as grounds for divorce includes outrages on feelings, or series of studied vexations, and deliberate insults and provocations (Rev. St. 1925, art. 4629).**

"Cruel treatment," as grounds for divorce under Rev. St. 1925, art. 4629, includes outrages on feelings, inflicting pain or anguish, or series of studied vexations, and deliberate insults and provocations.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cruelty.]

**6. Divorce ⬅147—Whether matters alleged and proved render living together insupportable so as to justify divorce is question of fact for jury or court (Rev. St. 1925, art. 4629).**

In suit for divorce under Rev. St. 1925, art. 4629, whether matters alleged and proved render living together insupportable, in last analysis, is question of fact for jury or court.

**7. Divorce ⬅93(3)—Petition for divorce, not alleging application of physical force, held sufficient on general demurrer to charge cruel treatment (Rev. St. 1925, art. 4629).**

In suit for divorce under Rev. St. 1925, art. 4629, petition not alleging application of physical force *held* sufficient on general demurrer to charge cruel treatment, although it would be subject to special exceptions for want of definiteness.

**8. Divorce ⬅103—Sufficiency of petition on general demurrer in divorce case must be determined on its own facts (Rev. St. 1925, art. 4629).**

In suit for divorce under Rev. St. 1925, art. 4629, sufficiency of petition on general demurrer in each case must be determined by its peculiar facts.

**9. Divorce ⬅184(4)—In absence of statement of facts, trial court's finding of legal cruelty in divorce suit is presumed to be sustained by evidence on appeal (Rev. St. 1925, art. 4629).**

In suit for divorce under Rev. St. 1925, art. 4629, in absence of statement of facts, it is presumed on appeal that evidence sustained trial court's finding of legal cruelty.

Error from District Court, El Paso County; W. D. Howe, Judge.

Suit by Annie E. Caywood against J. C. Caywood for divorce. Judgment for plaintiff, and defendant brings error. Affirmed.

C. M. Wilchar, of El Paso, for plaintiff in error.

Isaacks & Lattner, of El Paso, for defendant in error.

WALTHALL, J. This appeal is from a decree for divorce. The only question presented is directed to the sufficiency of the petition to sustain the decree granting the divorce.

Omitting the formal parts and the residence of the parties, the petition reads:

"2. That plaintiff (Annie E. Caywood, defendant in error) and defendant (J. C. Caywood, plaintiff in error) were married on the 18th day of September, 1921, and lived together as husband and wife until about the 23d day of November, 1925, when, on account of the excessively cruel treatment of defendant to plaintiff, she was compelled to and did separate from him permanently, and cannot live with defendant again.

"3. Plaintiff says that the defendant has a violent and ungovernable temper, which he makes no effort to control so far as plaintiff is concerned; that without any provocation he would frequently fly into a rage and exhibit his ungovernable temper by cursing and abusing plaintiff, and showing her all kinds of indignities, and causing her to lose all respect for the defendant, and, had she continued to live with him under such circumstances, would have caused her to lose all respect for the defendant, and, had she continued to live with him under such circumstances, would have caused her to lose her own self respect; that, in addition to the foregoing, defendant threatened to take plaintiff's life. Plaintiff further alleges that she has a married son who lives at Sierra Blanca, Tex.; that she is very fond of him and his wife; and that her son and daughter-in-law made frequent visits to plaintiff's home, and when they did so defendant,

without any cause whatever treated said son and daughter-in-law in a very discourteous manner, and on a recent visit of said daughter-in-law to plaintiff's home, just prior to her separation from the defendant, the defendant, in the absence of plaintiff (plaintiff being regularly employed, and at the time was away performing her duties of such employment), the defendant, in an abusive, abrupt, and discourteous manner ordered plaintiff's daughter-in-law to leave the premises, and caused her to leave, which conduct on the part of the defendant was humiliating to plaintiff beyond measure, and all of the conduct of the defendant as hereinbefore alleged is of such a cruel nature as to render the living together of plaintiff and defendant insupportable."

The remainder of the petition has reference to the property rights of the parties, her prayer to have her former name restored, for decree of divorce, her separate property decreed to her, and such relief in law and equity as she may be entitled to.

Defendant answered by general demurrer, general denial, and some allegations as to the property rights which we need not state.

The case was tried without a jury. No evidence or findings of fact are found in the record. The court recites in the decree that he finds the material allegations in the petition to have been proved, and that plaintiff is entitled to have a divorce as prayed for, and so entered a decree.

Article 4629, Rev. Civ. Statutes, 1925, under which the petition was evidently framed, states the grounds for divorce as follows:

"Where either party is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable."

[1, 2] The petition does not allege that the defendant husband was guilty of "excesses" or "outrages" toward her, but, as we view the statements, it undertakes to allege "cruel treatment" toward her, and we will so regard the petition. A sufficient allegation of facts showing cruel treatment alone would be sufficient as a pleading upon which to grant a divorce. The statute as to pleading in general requires that the petition shall state in logical and legal form the facts constituting the plaintiff's cause of action. The petition must make a concise statement of the cause of action, and such other allegations pertinent to the cause as plaintiff may deem necessary to sustain her suit.

The assault made upon the petition in the appeal is that it is subject to a general demurrer, and therefore fundamental error to render the decree granting the divorce, in that no specific act or acts of the defendant husband is alleged, which, if proved, are sufficient to show cruel treatment toward the plaintiff wife of such nature as to render their living together insupportable.

The trial court apparently made no ruling upon the general demurrer, but from the statement in the decree rendered same upon full and satisfactory evidence, affirming the material facts alleged in the petition.

[3] We concur in the statement made by plaintiff in error in one of the propositions that the state or society in general has an interest in marriage contracts and divorce cases, and for that reason the courts will scrutinize the pleadings and the evidence upon which a divorce is predicated, and to such apply a different rule to that of other civil cases. In the instant case, there being no statement of facts in the record, our inquiry will necessarily be confined to the sufficiency of the petition, as against a general demurrer, to state a cause or ground for divorce as alleging cruel treatment of the plaintiff wife by the husband, of such nature as to render their living together insupportable.

An analysis of the petition shows that it alleges "cruel treatment of defendant to plaintiff" in general terms. It alleges that "plaintiff has a violent and ungovernable temper, which he makes no effort to control so far as plaintiff is concerned." It further alleges that "without provocation he would frequently fly into a rage, and exhibit his ungovernable temper by cursing and abusing plaintiff and showing her all kinds of indignities." It states the effect upon her of such conduct to be that it caused her "to lose all respect for the defendant"; that "defendant threatened to take plaintiff's life"; that "defendant in an abusive, abrupt and discourteous manner ordered plaintiff's daughter-in-law to leave the premises (plaintiff's home) and caused her to leave"; that such conduct of defendant "was humiliating to plaintiff beyond measure"; and that "all of the conduct of the defendant as heretofore alleged is of such a cruel nature as to render the living together of plaintiff and defendant insupportable."

Plaintiff in error insists that the petition is insufficient to charge cruel treatment, in that it does not allege any physical violence committed, and refers us to Wright v. Wright, 3 Tex. 168; Bloch v. Bloch (Tex. Civ. App.) 190 S. W. 528; Bush v. Bush (Tex. Civ. App.) 103 S. W. 217; Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107; McKay v. McKay, 24 Tex. Civ. App. 629, 60 S. W. 318; Ryan v. Ryan (Tex. Civ. App.) 114 S. W. 464; Claunch v. Claunch (Tex. Civ. App.) 203 S. W. 930; Stephens v. Stephens (Tex. Civ. App.) 281 S. W. 1096.

In Wright v. Wright, as stated in the opinion, Mrs. Wright made "the general allegation, that the said appellant is guilty of excesses, cruel treatment, and other outrages toward the petitioner, and that such treatment is of such a nature as to render it insupportable for her to live longer with him." The defendant pleaded a general exception. The observations of the court in that case

on the petition have but little application to the petition in the case at bar, since here the petition not only pleads the general fact of "cruel treatment," which alone would be only a conclusion from a compound question of law and fact, but the pleader here undertakes to make statements, more or less concise of certain facts illustrative of the cruel treatment alleged generally, and as to which we think proof could be offered both in sustaining them and in rebuttal. The test of the sufficiency of the pleading made by the court in the Wright Case was whether any evidence was admissible to prove the alleged grounds of divorce that the defendant may know what he is called upon to answer, and that the court may be informed of the issues, and be enabled to submit them to the jury. In that case the court was also considering numerous exceptions taken to the evidence, and, as we understand it, was stating the pleading as it should have been to admit the evidence offered. As more clearly expressing Judge Hemphill's view as to the necessity of alleging physical violence as an element of cruelty, see Wright v. Wright, 6 Tex. 3, where he expressly holds that, to constitute cruelty within the meaning of the statute, "it is not necessary that an indignity or that violence be offered to the person of the wife. If an act be an outrage upon her, it is immaterial whether it be inflicted immediately upon herself, or upon third persons, so that it be inconsistent with the matrimonial relation and its duties, obligations, and affections."

In several of the cases referred to as in Wright v. Wright, the sufficiency of the petition is tested by special exceptions, and we will not undertake to discuss each of them separately. However, it is insisted that the petition here does not allege that defendant used actual physical violence toward her, but only threatened violence, and that only a threatened violence, in connection with the other alleged acts of ill treatment, states no ground for divorce.

As said by the Amarillo Court in McNabb v. McNabb, 207 S. W. 129:

"It has been held repeatedly the ordinary meaning of 'cruelty,' as used in the statute, is broad enough to include outrages upon the feelings, inflicting mental pain and anguish, such as a series of studied vexations, without apprehension of personal violence or bodily hurt. The ill treatment contemplated by the statute has often been held to include injury to the feelings and sensibility, as well as physical injuries.

The court then remarks that, with the exception of the cases noted, the early case of Sheffield v. Sheffield, 3 Tex. 79, has been followed. In that case it is announced:

"It cannot be doubted that a series of studied vexations, and deliberate insults and provocations would, under our statute, be sufficient cause for divorce, without apprehension of personal violence, or bodily hurt."

Chief Justice Hemphill wrote the opinions in Wright v. Wright and Sheffield v. Sheffield, and, as we read them, there is no conflict in the two.

The case of Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107, is referred to as sustaining the contention that physical violence or bodily hurt to the wife must be alleged to amount to ill treatment, and some of the opinions we have reviewed refer to that case as so holding. But, as said in McNabb v. McNabb, supra, we do not construe the Eastman Case as so holding. As illustrating Judge Gaines' view of the question under discussion, in Sapp v. Sapp, 71 Tex. 348, 9 S. W. 258, Judge Gaines says:

"Compared with the rulings in other states, our courts have given a most liberal construction to our statutes defining the grounds of divorce. They hold that, to constitute such cruelty as will authorize a divorce, it is not necessary that physical injury should be inflicted or threatened, but that mental suffering, when intentionally imposed, may be so grievous and lasting as to warrant a dissolution of the bonds of matrimony. Wright v. Wright, 6 Tex. 3; Sheffield v. Sheffield, 3 Tex. 79; Taylor v. Taylor, 18 Tex. 574; Bahn v. Bahn, 62 Tex. 518 [50 Am. Rep. 539]; Jones v. Jones, 60 Tex. 451."

We could multiply cases so holding. Judge Speer in his work on the Law of Marital Rights, p. 674, says:

"It has been suggested that where the evidence fails to show physical violence by the husband toward the wife, and fails to show such cruel treatment of her as to produce such a degree of mental distress as would threaten to impair her health, it would be insufficient. But this is not the test. The test is whether or not it renders their further living together insupportable. And whether the conduct is that of the husband or wife, the question remains for the jury whether it is of the character contemplated by the statute."

We think the above statement is amply supported by the references: Rivers v. Rivers (Tex. Civ. App.) 133 S. W. 524; Dawson v. Dawson, 63 Tex. Civ. App. 168, 132 S. W. 379; Cunningham v. Cunningham, 22 Tex. Civ. App. 6, 53 S. W. 75; Dority v. Dority (Tex. Civ. App.) 62 S. W. 106; Ingle v. Ingle, 62 Tex. Civ. App. 205, 131 S. W. 241.

[4-7] Much latitude is allowed in passing upon the grounds alleged for the divorce. The cruel treatment given in the statute as one of the grounds for divorce has often been held to include injury to the feelings and sensibilities as well as physical injuries actually inflicted or threatened. It includes outrages upon the feelings, inflicting mental pain or anguish; it includes a series of studied vexations and deliberate insults and provocations. But in its last analysis it is a question of fact to be determined by the jury or the court to which the fact is referred as to whether the matters alleged and proved

"are of such a nature as to render their living together insupportable." Here the allegations, though in general terms of the statute they are followed up by stating distinct allegations of specific acts, which should have been more specifically stated, as to time and place of their several occurrences, and the acts themselves should have been more specific and definite, and for want of definiteness were subject to special exceptions, but we think not to a general demurrer.

To hold that the petition was subject to a general demurrer would be to hold that proof could not be offered on the specific acts alleged; that defendant, without any provocation would frequently fly into a rage, and in such temper and rage curse and abuse his wife, and show her all kinds of indignities, and in that frame of mind threaten to ·take her life; and that evidence, whatever the extent and character of it, though it discloses a series of studied vexations, the result of brutal indifference to her feelings and sensibility, recited to prove such and kindred statements, could not show ill treatment of such a nature as to render their living together insupportable.

[8, 9] The rule is that every case of this character must be determined by its own peculiar facts. It is impossible to lay down any precise rule by which to decide under a given state of facts whether legal cruelty does or does not exist. The trial court found that it did exist, and, in the absence of a statement of facts, we must presume that the evidence was full and satisfactory.

The case is affirmed.