[Opinion delivered May 17, 1880.]

---

ISABELLA A. SPRUILL v. LUKE SPRUILL.

(Case No. 4148.)

1. DIVORCE — SUFFICIENCY OF PETITION.— In suits for divorce on the ground of "cruelty" and "outrageous conduct," the jury or court should pass upon the effect the specific charges have or are likely to have upon the plaintiff, whether or not it be insupportable; and to sustain a demurrer to a wife's petition for divorce, alleging on the part of her husband towards her "a studied course of insults," "publicly charging her with taking his money," "cursing her" and calling her "a strumpet and a bitch," is erroneous. Taylor v. Taylor, 18 Tex., 578; Sheffield v. Sheffield, 3 Tex., 87; Rogers v. Rogers, 6 Tex., 545; Pinkard v. Pinkard, 14 Tex., 357; Sharman v. Sharman, 18 Tex., 525; Wright v. Wright, 6 Tex., 18.

APPEAL from Caldwell. Tried below before the Hon. L. W. Moore.

March 15, 1879, Isabella Spruill brought suit against her husband, Luke Spruill, for a divorce, alleging acts and conduct which are termed outrages, rendering their living together as husband and wife insupportable.

The petition alleged substantially their residence; marriage August 6, 1857; proper demeanor on part of plaintiff during their married life; that for several years last past, by a studied course of insults, outrages and cruel treatment of plaintiff, defendant has rendered their living together as

husband and wife insupportable to her; that October 2, 1877, in the presence of their family and their neighbors, and for the purpose of annoying her and wounding her feelings, defendant had, without provocation, said to plaintiff that she " was always making and keeping up a fuss, was· worthless and of no account, and that he cared nothing for her." That October, 1878, when a hired woman at their home had been and was quarreling with and annoying plaintiff, the defendant took the part of said hireling, cursing and swearing at plaintiff, repeating the charge which was false, that she was always keeping up a fuss, that she was of no account (using an oath), and that he " cared nothing for her."

On March 1, 1879, in presence of their family and neighbors, the defendant called plaintiff " a damned strumpet and bitch; " and at the same time defendant had stated falsely that he had put his money in her hands, and that "she had made way with said money, and that he could not get it," meaning and intending to charge her with stealing it; repeating such charge against her and her son by a former marriage; and March 4, 1879, in presence of their family, defendant had abused and cursed her, repeated the charge that she had taken and made way with his money, and that her said son had done the same thing; intending to charge that plaintiff and her son had stolen his money.

A general demurrer was sustained, and final judgment rendered for defendant. The plaintiff appeals.

*Nix & Story* and *Hutchison & Franklin*, for appellant.

*Ireland & Burgess*, for appellee.

A. S. WALKER, J.— Our statutes regulating the granting of divorces require a general finding by the jury or court trying the case upon the effect upon the injured party the alleged acts of cruelty, etc., may produce.

That such finding is required shows that the terms "excesses, cruel treatment or outrages towards the other" may have a meaning colored by the moral, mental and æsthetic

nature and culture of the parties immediately interested; so as, in fact, a given act may or may not seriously affect the relations between the parties, the effect in law shall be measured by the same rule in determining whether the act renders the further living together as husband and wife insupportable.

In this case we are not informed, save by the general allegation *that the wife has demeaned herself properly*, that she is or is not of a coarse nature, vulgar in association in habits, so that the effect of *any specified* harshness of demeanor on the part of the husband would not affect her so as to invoke aid from the laws of the state. Nor does it appear by express allegations that from her moral nature, mental culture or refinement in sentiment such conduct as detailed in the petition would of necessity have had any particularly depressing or injurious effect upon her.

We are called on in this appeal to decide that, under no testimony which could properly be admitted under the allegations in the petition, could it be shown that the effect of the alleged acts upon the plaintiff were such as, under the law, is termed "cruelty" or "outrageous conduct."

The wife's deportment, her character and surroundings would properly be investigated; whether the acts, if proven, were wanton on his part, or provoked by her treatment of him; or even, as suggested by counsel, the interchange of such epithets was of such frequent occurrence as to mean nothing but a very ordinary domestic broil.

The jury or court, from the evidence to the specific charges, and applying the acts proven to the rule of conduct between the parties, as ascertained by the proof as in fact existing, should pass upon the truth of the specific charges, and upon the actual effect they have, or are likely to have, upon the plaintiff, whether or not it be insupportable.

While great powers are given to the district judges in refusing divorces, still, upon the finding of a jury upon the plaintiff's case, if a divorce be refused appeal will lie, and the supreme court may reverse and render the divorce upon the verdict. Taylor *v.* Taylor, 18 Tex., 578.

Several allegations made in the petition are of acts which have been held sufficient to support evidence of *cruelty.* " The studied course of insults," etc. (Sheffield *v.* Sheffield, 3 Tex., 87); "publicly charging her with taking his money" (Nogees *v.* Nogees, 7 Tex., 538); the coarse and brutal charge of infidelity that she was " a strumpet and a bitch " (Pinkard *v.* Pinkard, 14 Tex., 357; Sharman *v.* Sharman, 18 Tex., 525, 526; Wright *v.* Wright, 6 Tex., 18); the cursing, etc. (Wright *v.* Wright, 6 Tex., 18, and cases there cited).

We have no hesitation in deciding that the allegation that defendant had called his wife *a strumpet*, if supported by testimony showing that it was publicly and earnestly made to a wife of virtue and delicacy, accompanied by the repeated (as alleged) declarations to her of his want of care for her, and his aggravating taunts as to her conduct, would, in many instances, render a living together insupportable. If the charges and effect were found, such injured woman would be entitled to the law's protection in granting her a divorce.

It was error, therefore, to sustain the demurrer.

The facts alleged respecting the tract of land do not show a necessity for judicial aid outside of the proceedings for divorce. The same protection can be had directly under the registration laws. R. S., 4345, 4346, 4347.

For the error in sustaining the demurrer, the judgment below should be reversed.

REVERSED AND REMANDED.