LEFEVRE v. LEFEVRE.   (No. 7608.)

(Court of Civil Appeals of Texas.   Galveston.
June 26, 1918.   Rehearing Denied Oct.
10,   1918.)

1. CONTINUANCE ⬅37—MOTION—DISCRETION
OF COURT.
Although defendant, in divorce suit, filed
his amended answer and cross-bill only three
days before trial, *held* there was no abuse of
discretion in denying continuance to enable
plaintiff to prepare for trial, where she failed
to state in her motion that by a continuance
she could probably obtain testimony to contra-
dict alleged new issues presented.

2. APPEAL AND ERROR ⬅1043(7)—DENYING
CONTINUANCE—HARMLESS ERROR.
Assignment that court erred in not granting
plaintiff's motion for a continuance will not be
sustained, where it is apparent from the record
that no injury resulted to plaintiff.

3. PLEADING ⬅356(4) — MOTION TO STRIKE
PLEADINGS OF UNNECESSARY LENGTH.
Although defendant's amended answer and
cross-bill in suit for divorce was unnecessarily
long, where there was nothing difficult of un-
derstanding in any of its allegations, the court
did not err in refusing motion to strike on the
ground that it was filed only three days before
trial, in view of Vernon's Sayles' Ann. Civ. St.
1914, arts. 1824, 1825.

4. DIVORCE ⬅27(7)—GROUNDS—VEXATIONS
AND INSULTS.
"Studied vexations and deliberate insults,"
heaped upon defendant husband by plaintiff
wife, leaving no room to doubt that her treat-
ment of him was of such cruel nature as to
render his living with her insupportable, war-
ranted decree for defendant.

5. HUSBAND AND WIFE ⬅264—COMMUNITY
PROPERTY—EVIDENCE.
Evidence *held* to establish that funds and
securities held by a third person in trust for
plaintiff and defendant was all community prop-
erty.

6. HUSBAND AND WIFE ⬅162—PROPERTY
RIGHTS — VOLUNTARY PAYMENT — SEPARATE
ESTATE.
Plaintiff and defendant being sole heirs at
law of a son, and defendant father having, out
of his separate estate, paid debts of son and ex-
penses of last sickness and burial, plaintiff wife
was liable for one-half of amount so paid by
defendant; the payment not being voluntary,
but necessary for protection of estate.

Appeal from District Court, Harris Coun-
ty; J. D. Harvey, Judge.

Divorce suit by Adela B. Lefevre against
Arthur Lefevre, in which defendant filed a
cross-bill.   Judgment against plaintiff on her
claim for divorce, and in favor of defendant
on his cross-action for divorce, and plaintiff
appeals.   Affirmed.

Ward & Ward, of Houston, for appellant.
Wm. H. Wilson, of Houston, for appellee.

PLEASANTS, C. J.   This suit was brought
by appellant against the appellee for divorce
from the bonds of matrimony and for adjust-
ment of property rights between plaintiff and
defendant.   The grounds for divorce alleg-
ed in the petition are cruel treatment and
outrages by defendant of such a nature as
to render plaintiff's living with him insup-
portable.   The petition alleges an indebted-
ness by defendant to plaintiff's separate es-
tate in the sum of $9,699.96 and asks judg-
ment against defendant for said sum.

Defendant's answer denies the allegations
of cruel treatment and outrages contained in
plaintiff's petition, admits that defendant
has received various sums of money from
plaintiff's separate estate, the amounts so re-
ceived being set out in the answer, and sets
up various amounts paid to plaintiff by the
defendant, and amounts paid for the benefit
of plaintiff's separate estate, for which
amounts defendant asks to be credited on the
sum found to be due by him to plaintiff.   By
cross-bill defendant sought a judgment for
divorce from plaintiff on the ground of such
cruel treatment and outrages by the plaintiff
as to render his living with her insupport-
able.

The trial in the court below without a
jury resulted in a judgment against plaintiff
on her claim for divorce, and in favor of
defendant on his cross-action for divorce.
The defendant was adjudged indebted to
plaintiff's separate estate in the sum of $1,-
427.09, and in addition to said sum the plain-
tiff was awarded the securities and funds in
the hands of J. K. Hexter, amounting to the
sum of $1,970, which the said Hexter had
received and is holding in trust for plaintiff
and defendant as their respective interests
therein should be established.   Certain lots
in the city of Wichita, Kan., described in
defendant's answer, were adjudged to be his
separate property.   Six sections of land in
Pecos county, Tex., were adjudged to belong
one-half to plaintiff and one-half to the de-
fendant.   The remaining property involved
in the suit, consisting of household and kitch-
en furniture, was adjudged to be commu-
nity property.   Commissioners were appoint-
ed to make partition of the community prop-
erty and the six sections of land above men-
tioned.   From this judgment plaintiff prose-
cutes this appeal.

[1] The first assignment of error complains
of the ruling of the court refusing to grant
plaintiff's motion for a continuance.   The
ground upon which the continuance was ask-
ed was that three days before the trial de-
fendant had filed an amended answer and
cross-bill, setting up many matters which
plaintiff was not aware would be put in is-
sue on the trial, and concerning which plain-
tiff had not had ample opportunity to col-
lect evidence or to investigate; "that the
period elapsing between the filing of said
answer and cross-action and the time for
trial was wholly insufficient to afford her
an opportunity to prepare for trial with
regard to the new matters set out, or even
thoroughly to digest the contents of said
amended answer and cross-action; that
defendant has had several weeks in which
said amended answer and cross-action might
have been filed, and by the filing of which

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sufficient time. should have been afforded plaintiff in which to prepare for trial, but failed, as aforesaid, to file the same until last Saturday, and that to force her to go to trial at the present time without making sufficient preparation with regard to the matters set out in said answer, would be an imposition on her, and would result in a miscarriage of justice, all as will appear by reference to plaintiff's bill of exceptions No. 1, paragraphs Nos. 2 and 3; that defendant's first amended original answer and cross-action merely denied plaintiff's allegations, and alleged his cross-action for divorce, without any mention of property rights, which will appear by reference to said amended answer; but the second amended original answer and cross-action contains many new matters theretofore not brought in issue by the pleadings, and, as apparent therefrom, covering transactions involving the separate and community property of plaintiff, extending over 30 years of their married life, in different states and in many different places, and alleged grounds for divorce not set out in the prior pleading, among the new matters alleging physical violence on the part of plaintiff toward defendant."

[2] This assignment is without merit. The motion is not statutory, and it cannot be said that the trial judge abused his discretion in refusing to continue the case. It is not even stated in the motion that by a continuance of the cause plaintiff could probably obtain testimony to contradict the alleged new issues presented by the pleading. In respect to the cross-action for divorce, the only new facts alleged in the amended cross-bill were that plaintiff had been guilty of physical violence towards defendant. The only acts of physical violence testified to upon the trial occurred when no one was present, other than plaintiff and defendant and their son, Arthur, all three of whom testified upon the trial. It is therefore manifest that a continuance of the case would not have enabled plaintiff to have procured any additional testimony upon this issue. Besides this, the physical violence was but a small part of defendant's complaint of cruel treatment, and his testimony as to the alleged acts of physical violence expressly acquits plaintiff of any intention of causing him serious bodily injury. The only complaint made by plaintiff in regard to findings of the court as to her property rights was as to the failure of the court to find that $1,000 of the funds and securities held by J. K. Hexter belonged to her separate estate, and the finding of the court that she should be charged with one-half of the debts due by the estate of Guy Lefevre, the deceased son of plaintiff and defendant, which were paid by the defendant, the property belonging to said estate having been inherited equally by plaintiff and defendant. The finding as to the $1,000 was supported by plaintiff's testimony, and the holding of the court in regard to plaintiff's liability for one-half of the debts due by her deceased son is a conclusion of law based upon undisputed facts. It is thus shown that, in addition to the insufficiency of the motion to require the court to grant the continuance, it clearly appears from the record that no injury resulted to plaintiff because of the refusal of the court to grant the motion.

[3] After the motion for continuance was overruled, plaintiff moved to strike out the amended answer and cross-bill of defendant, on the ground that it was filed so short a time before the trial and contained so many and complicated allegations "that it had not been possible thoroughly to digest the contents of the same and prepare for trial on the matters therein set out." While the answer is lengthy, probably unnecessarily long in its enumeration of the many aggravating acts and words of plaintiff towards defendant, there is nothing difficult of understanding in any of its allegations. It was filed three days before the trial of the case, and the court would not have been authorized to strike it out on the ground that it was not filed in time. Vernon's Sayles' Civil Statutes, arts. 1824, 1825; Boren v. Billington, 82 Tex. 137, 18 S. W. 101; Railway Co. v. Butler, 34 S. W. 756.

It would serve no useful purpose to set out the evidence upon which the court held that defendant was entitled to a divorce upon the ground of cruel treatment and outrages on the part of plaintiff of such nature as to render his living with her insupportable. It is sufficient to say that in our opinion this holding is amply sustained by the evidence. It may be conceded that the acts of physical violence shown by the evidence were not such as in themselves would authorize a decree granting a divorce; but, as observed by Judge Willie, speaking for our Supreme Court in the case of Jones v. Jones, 60 Tex. 460:

"Our statute differs from those of a majority of the states in respect to the cruel treatment which will authorize a divorce. It does not confine such treatment to bodily harm, or threats of the same, and properly includes within the meaning of 'excesses, cruel treatment and outrages,' insults or injuries to the mind or the heart. * * * And why should it not be so held? What are wounds to the person as compared to those that affect the mind? The former may be healed; the latter endure for a lifetime."

In Sheffield v. Sheffield, 3 Tex. 87, it is said:

"It cannot be doubted that a series of studied vexations and deliberate insults and provocations would, under our statute, be sufficient cause for divorce, without apprehension of personal violence or bodily hurt. This would constitute the intolerable treatment contemplated by the statute."

A similar interpretation is given our statute in the case of Dawson v. Dawson, 63 Tex. Civ. App. 168, 132 S. W. 379.

[4] The testimony of the defendant and the two children of plaintiff and defendant shows that for many years he has suffered from "studied vexations and deliberate insults" heaped upon him by plaintiff, and leaves no room to doubt that her treatment of him has been of such cruel nature as to render his living with her insupportable, and to entitle him to a divorce.

[5] Turning, now, to appellant's complaints in regard to the adjudication by the court of the property rights of herself and defendant, we find that the evidence sustains the conclusion of the trial court that the $1,970 funds and securities in the hands of Mr. J. K. Hexter was community property, and appellant's contention that the undisputed testimony and the admissions of appellee's answer show that $1,000 of said amount was owned by her as separate property is not borne out by the record. The pleadings of defendant do not admit that any $1,000 of the money in Mr. Hexter's hands was plaintiff's separate estate, but state that plaintiff has in her possession a considerable amount in cash and debentures, about $2,000 in the hands of J. K. Hexter, and $2,000 located in other places, of which plaintiff would give no information, and that of this $4,000 from $1,000 to $1,200 was her separate estate. The defendant testified that the sum of $1,970 in the hands of Mr. Hexter was community property. Plaintiff testified upon this question as follows:

"All of the money that Mr. Hexter has invested for me is the result of my savings during marriage; all of it is my savings; I have just saved up all these years, 30 years. It is all from my savings. I do not think that any of that money that Mr. Hexter has invested for me came from my separate estate. If it did, precious little came from it. * * * I am asked how much of the amount of money that Mr. Hexter has invested for me, now amounting to $1,924.16, was saved by me during my marriage, and how much of it was money that I received from my father's estate; and I answer that I have just said that I saved every penny that I scraped together, and I do not remember that I had any money from my father's estate."

Upon this evidence the court could not have found otherwise than that the money was community property.

[6] Appellant also complains of the ruling of the court charging her separate estate with one-half of the debts due by the estate of her deceased son, Guy Lefevre, which was paid by defendant out of funds of his separate estate. The facts in regard to this matter are undisputed. Guy Lefevre, the son of plaintiff and defendant, a few years before this suit was brought, died unmarried and leaving plaintiff and defendant as his sole heirs at law. He left an estate consisting of six sections of land in Pecos county, Tex. He also left debts amounting to several hundred dollars. Defendant has paid these debts, and also paid the expenses of the last sickness and burial of his son, out of money derived from his separate estate. In adjudicating the property rights, the trial court held that plaintiff was chargeable with one-half of the amounts so paid by defendant. We think this holding was correct. Upon the death of Guy Lefevre, the title to the land vested in plaintiff and defendant, charged with the debts of the deceased and the expenses of his last sickness and burial, and the payment of these charges by defendant was, as to one-half of the amount so paid, a payment for the benefit of plaintiff's separate estate. It cannot be held a mere voluntary payment, but was necessary for the protection of the estate, and plaintiff's separate estate is properly chargeable therewith.

What we have said disposes of all the material questions presented in appellant's brief. We find no error in the record which would authorize a reversal of the judgment, and it is in all things affirmed.