## ELLIS v. ELLIS.   (No. 2747.)

(Court of Civil Appeals of Texas. Texarkana. May 14, 1923. Rehearing Denied May 17, 1923.)

1. **Divorce** ⊜27(18)—Misbehavior, causing mental distress and wounded feelings, may render living together insupportable, within statute; "misconduct."

A long-continued course of misbehavior on the part of the husband, which occasions to the wife mental distress and wounds her feelings and pride, generally speaking, constitutes the misconduct which renders their living together insupportable, in the comtemplation of the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Misconduct.]

2. **Divorce** ⊜93(3)—Petition alleging cruelty held sufficient.

A petition for divorce, alleging the husband's misconduct in detail, and generally alleging a course of unkind and harsh conduct toward her continuing for a considerable period of time, such as to render their further living together insupportable, *held* sufficient as against a general demurrer.

Appeal from District Court, Cooke County; C. R. Pearman, Judge.

Action for divorce by Mrs. Fannie Ellis against J. H. Ellis. Judgment for defendant on demurrer to the petition, and plaintiff appeals. Reversed and remanded.

Culp, Culp & Culp, of Gainesville, for appellant.

Stuart, Bell & Moore, of Gainesville, for appellee.

LEVY, J. This appeal is from the judgment of the court sustaining a general demurrer to the petition of appellant in a suit for divorce. The appellant declined to amend, and judgment was rendered for the defendant.

[1, 2] The divorce is sought upon the ground that the husband was guilty of certain alleged cruel treatment and outrages towards the wife, of such a nature as to render their further living together insupportable. Certain misconduct is set out in detail, and there are general allegations of a course of unkind and harsh conduct toward the wife, continuing for a considerable period of time. Such facts, if true, might, in point

of fact, be misconduct of such a nature as to render the further living together of the husband and wife insupportable. Wounded feelings and pride and mental distress occasioned to the wife by a long-continued course of misbehavior on the part of the husband does, generally speaking, constitute the misconduct contemplated by the statutes that would "render their living together insupportable." Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107; Lefevre v. Lefevre (Tex. Civ. App.) 205 S. W. 842; Erwin v. Erwin (Tex Civ. App.) 231 S. W. 834. As to whether or not a jury or the trial judge would conclude that such alleged acts constitute, in point of fact, misconduct of such a nature as to render further living together of husband and wife insupportable, is quite another question. As against a general demurrer the allegations of the petition are sufficient.

The judgment is reversed, and the cause is remanded.