## BOBBITT v. BOBBITT.   (No. 9825.)

(Court of Civil Appeals of Texas. Dallas. Feb. 26, 1927.)

**1. Divorce ⬅️184(1)—Under assignment of error only to conclusion that evidence was insufficient to warrant divorce, question on appeal is whether law was erroneously applied to facts (Rev. St. 1925, art. 4629, subd. 1).**

Where only assignment of error is that trial court erred in concluding that evidence was insufficient to make out ground for divorce under Rev. St. 1925, art. 4629, subd. 1, question before Court of Civil Appeals was one of law whether trial court erred in applying law to established facts.

**2. Divorce ⬅️27(3)—Series of vexatious and deliberate insults is grounds for divorce without apprehension of personal violence (Rev. St. 1925, art. 4629, subd. 1).**

Under Rev. St. 1925, art. 4629, subd. 1, series of studied, vexatious, and deliberate insults and provocations is sufficient cause for divorce without apprehension of personal violence or bodily hurt.

**3. Divorce ⬅️27(1)—Ill treatment, to be grounds for divorce, must be such as to render living together by spouses "insupportable" (Rev. St. 1925, art. 4629, subd. 1).**

Ill treatment, to be grounds for divorce under Rev. St. 1925, art. 4629, subd. 1, must be of such nature as to render living together by spouses "insupportable," defined as incapable of being supported, unendurable, or intolerable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insupportable.]

**4. Divorce ⬅️27(2)—Ill treatment by one spouse producing by frequency and continuance mental distress, impairing health of injured spouse, is "insupportable" (Rev. St. 1925, art. 4629, subd. 1).**

Under Rev. St. 1925, art. 4629, subd. 1, in absence of bodily harm or threatened bodily injury, conduct of one spouse towards other is considered insupportable and grounds for divorce, when nature, frequency, and continuance of ill treatment produces in other spouse such mental distress as impairs, or seriously threatens to impair, health of injured spouse.

**5. Divorce ⬅️27(18)—Conduct of husband in requiring wife to support him, and in subjecting wife to continual taunts and jeers, authorized divorce to wife (Rev. St. 1925, art. 4629, subd. 1).**

Evidence that for three or four years wife was put to shame and humiliation of supporting husband in idleness, and was never free from husband's vexatious conduct, including jeers in reference to other women whose company he sought, and reference to wife as continual aversion to him, which conduct, if continued, would seriously impair wife's health, authorized decree of divorce under Rev. St. 1925, art. 4629, subd. 1.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Suit by Mrs. G. A. Bobbitt against D. A. Bobbitt. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Wynne & Wynne, of Wills Point, for appellant.

JONES, C. J. This suit was filed by appellant, Mrs. G. A. Bobbitt, in the district court of Van Zandt County, to obtain a divorce from her husband, D. A. Bobbitt, the appellee. The petition alleged as grounds for divorce that appellee was guilty of ill treatment of such nature as rendered their living together insupportable. Specific acts and conduct of appellee, occurring with great frequency over a series of years, are set out in the petition, by appropriate allegations, as a basis for such charge. The parties made a voluntary adjustment of their property rights before the trial, and the issue of the right of divorce is the only one involved on this appeal. The trial was before the court, and resulted in a judgment denying the prayer for divorce, and from which judgment this appeal has been duly perfected.

[1] Appellee filed no answer in the court below, and has filed no brief in this court. There is no conflict in the evidence as it appears in the record; and appellant's recital of the facts, on which she relies for judgment in her favor, is corroborated in all material respects by that of other witnesses. The only assignment of error is to the effect that the trial court erred in its conclusion of law that the evidence is insufficient to make out the statutory ground for divorce as given in the first subdivision of article 4629 of the Revised Statutes 1925. The question therefore before the court for decision is one of law, and is whether the trial court erred in the application of the law to the established facts of this case. These facts are as follows:

Appellant is 44 years of age, and she and appellee were married in 1896, and lived together as husband and wife until about the 1st of January, 1925. Four children were born to this marriage; two daughters being married at the time of the trial. During the later years of their married life appellee contributed nothing toward the support of the family, and since 1921 has refused to do any work, though living with his family as a member thereof until the separation. In order to support the family appellant in 1919 began running a hotel or boarding house, and has continued to run same ever since, paying all the expenses thereof from the proceeds of the business, and she and the two children living with her doing approximately all the labor incident to such business. This boarding house was purchased, and is being paid for, by appellant by the income from this labor of herself and children. Appellee has

contributed nothing towards the payments, and has drawn from the bank money, the fruits of this labor, for his own personal use. During these years in which appellee has refused to work he has lived off of the labor of his wife, and has had his personal laundry paid for by her. He has frequently boasted to his wife and children that they would have to support him, and that he did not have to work. He would frequently absent himself from home, leaving no knowledge of where he would be or when he would return, and, when questioned about this on his return, he would curse appellant for making such inquiry, and with oaths inform her that it was none of her business. His conduct toward his wife and children alternated with times of moroseness, in which he would not speak to them, and times of petulant and angry outbursts of abuse towards them, with no intervening hours of husbandly sympathy or affection. Appellant heard that he was keeping company with women of ill repute, and especially with two women who lived elsewhere. He would call these women up over the telephone, and talk to them, and require appellant to pay the telephone bills. When she would talk to him about his reputed conduct, he would get very angry, curse her, and say that the ladies were young and goodlooking, and he would do as he damn pleased. On one occasion he brought another man and two women, unknown to appellant, to the hotel for dinner; the other man paying for the dinner. Appellant, being suspicious, asked appellee about these women. He informed her it was none of her business, and wanted to know if she did not think they were pretty, and if she could blame him for running after them. Two letters from a woman came into the possession of appellant, and in one of them appellee was asked to get rid of his wife so they could marry. This letter had the name of a Mrs. Rogers signed to it, and she is unknown to appellant in person or by reputation. The conclusion from this record is inevitable that for at least the space of 3 or 4 years prior to the separation appellee entertained for appellant a feeling of the strongest aversion, openly and publicly manifested by a continued and repeated series of vexatious and deliberate insults and indignities visited upon her. As a result of this treatment, appellant has been greatly disturbed in mind, has been found frequently crying at night in her bed, and is unable by reason thereof to get the proper amount of sleep and rest, although her health was seemingly not impaired at the time of the trial. There has been no attempted bodily violence by appellee against appellant, and no threat of same.

Subdivision 1 of article 4629 declares that, except where the husband or wife is insane, a divorce may be decreed "where either party is guilty of excesses, cruel treatment or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable."

[2-5] From the announcement by Chief Justice Hemphill, in the case of Sheffield v. Sheffield, 3 Tex. 79, until the present time, it has been an authorized construction of the above-quoted subdivision of our divorce statute that a series of studied, vexatious, and deliberate insults and provocations is sufficient cause for divorce without apprehension of personal violence or bodily hurt. Wright v. Wright, 6 Tex. 3; Nogees v. Nogees, 7 Tex. 538, 58 Am. Dec. 78; Eastman v. Eastman, 75 Tex. 473, 12 S. W. 1107; Bush v. Bush (Tex. Civ. App.) 103 S. W. 217; Le Fevre v. Le Fevre (Tex. Civ. App.) 205 S. W. 842; McNabb v. McNabb (Tex. Civ. App.) 207 S. W. 129; Erwin v. Erwin (Tex. Civ. App.) 231 S. W. 834; Ellis v. Ellis (Tex. Civ. App.) 251 S. W. 287; Burt v. Burt (Tex. Civ. App.) 261 S. W. 407; Blake v. Blake (Tex. Civ. App.) 263 S. W. 1075; Tinnon v. Tinnon (Tex. Civ. App.) 278 S. W. 288. The test to be applied under the terms of the statute is that, before a divorce may be decreed, the ill treatment must be of such a nature as to render their living together insupportable. Webster's International Dictionary defines the term "insupportable" as "incapable of being supported or borne, unendurable, insufferable, intolerable" In the absence of bodily injury or threatened bodily injury, the conduct of one spouse toward the other is considered insupportable, when from the nature, frequency, and continuance of the ill treatment, there is produced in the other spouse such a degree of mental distress as either has impaired, or seriously threatens to impair, the health of the injured spouse; for, in such event, the conclusion is impelling that the ill treatment is incapable of being borne, and therefore insupportable. In the instant case the record discloses that for a space of three or four years appellant was put to the shame and humiliation of supporting appellee in idleness, and was never free when in his presence from vexatious conduct on his part, from taunts and jeers in reference to other women, whose company he sought, and from knowledge of the fact forced upon her that she was a continual aversion to him. That such conduct on his part, continued in the years to come, will seriously impair her health, human experience decrees as a certain and inevitable result.

We are of the opinion that the court erred in denying appellant a decree of divorce, and that it is the duty of this court to reverse and here render the judgment which should have been rendered under the undisputed facts. We therefore reverse and render this case, granting a divorce in favor of appellant.