## ARENDALE v. ARENDALE. (No. 869.)

Court of Civil Appeals of Texas. Waco. Dec. 12, 1929.

C. H. Machen, of Mexia, for appellant.

J. E. Bradley, L. W. Shepperd, Scott Reed, and Mr. & Mrs. C. S. Bradley, all of Groesbeck, for appellee.

GALLAGHER, C. J. This is an appeal by Mrs. Martha Elizabeth Arendale from a judgment dissolving the bonds of matrimony theretofore existing between her and J. M. Arendale. Said judgment also settles the rights of the respective parties in and to the community property, but no complaint is made of that part thereof.

The case was submitted to a jury on a single issue. The jury answered the same in appellee's favor, and judgment was entered in pursuance thereof dissolving the marriage relation. The facts, so far as necessary, will be recited in the opinion.

### Opinion.

█ Appellant's first proposition presents as ground for reversal the overruling of her general demurrer. She asserts in that connection that all the allegations in appellee's petition, considered together, were insufficient to constitute legal ground for divorce. While appellee alleged abandonment, that issue was not submitted to the jury. Appellee also alleged that appellant was guilty of excesses, cruel treatment, and outrages toward him of such a nature as to render their living together insupportable. This general statutory charge was followed by a detailed statement of the length of time such ill treatment had continued, the general nature thereof, and divers specific instances of such treatment. Specific allegations of humiliation, intense mental suffering, and serious impairment of health as a result thereof were also made. Appellant's general demurrer was properly overruled.

██ Appellant presented nine special exceptions to appellee's petition, all of which were overruled, and such action is presented for review by an equal number of propositions. We do not deem it necessary to discuss said propositions severally. Some of them assert that appellee's allegations were not sufficiently specific to enable appellant to meet and contest the same by proof. Apparently in anticipation of the presentation of said exceptions appellee inserted three additional paragraphs in his petition. None of the same were excepted to by appellant. Each of the same contained statements in greater or less detail of the matters alleged generally in the respective paragraphs immediately preceding the same. Practically all the paragraphs of appellee's petition to which appellant's exceptions were addressed concerned transactions between appellee and appellant alone in domestic privacy. No objection was made to any of appellee's testimony offered in support of such allegations. Appellant testified fully in explanation or rebuttal of all such charges. She did not claim surprise nor ask for time to procure other testimony. Neither did she at any time intimate that other testimony was available. Complaint of the action of the court in overruling a special exception must disclose some injury suffered as a result of such action. International-Great Northern R. Co. v. Motley (Tex. Civ. App.) 18 S.W.(2d) 782, 783, par. 1, and authorities there cited; City of Waco v. Roberts (Tex. Civ. App.) 12 S.W.(2d) 263, 264, par. 2; Drane v. Humble Oil & Refining Co. (Tex. Civ. App.) 4 S.W.(2d) 241, 244, 245, par. 10 (writ refused); Bailey v. Giant Tire & Rubber Co. (Tex. Civ. App.) 3 S.W.(2d) 501, 502, par. 1; Hemler v. Hucony Gas Co. (Tex. Civ. App.) 18 S.W.(2d) 942, 943, par. 1, and authorities there cited. No injury being shown, appellant's propositions under discussion are overruled.

█ The remainder of said propositions are addressed to particular paragraphs of appellee's petition, and assert that the matters and things therein alleged are insufficient in themselves to constitute ground for divorce, and that such paragraphs should be stricken therefrom. Appellee's suit was based on charges of long-continued ill treatment in various forms, which he alleged had destroyed his happiness and seriously impaired his health. In such cases the cause of action asserted must be measured by the force and effect of all the several matters alleged when considered in the aggregate and in their natural sequence. Such has been the rule in this state from an early day.

In Nogees v. Nogees, 7 Tex. 538, 545, 58 Am. Dec. 78, Chief Justice Hemphill, in discussing the charge of theft made by the defendant against the plaintiff and included in her petition for divorce, said: "There can be no doubt that his intention was to charge her with the crime of theft; and there can be as little doubt, that such criminatory charges, although not sufficient, in themselves, to justify the disruption of the bonds of matrimony, yet, in conjunction with other circumstances, they may constitute such illtreatment and outrage as to render living with the offender, altogether insupportable."

See, also, in this connection, Sheffield v. Sheffield, 3 Tex. 79, 86, 87; Burt v. Burt (Tex. Civ. App.) 261 S. W. 407, par. 2, and authorities there cited; Erwin v. Erwin (Tex. Civ. App.) 231 S. W. 834, 835, par. 1; McCullough v. McCullough (Tex. Civ. App.) 20 S.W.(2d) 224, 225, par. 3.

Appellant's remaining propositions complaining of the overruling of her special exceptions are without merit, and are therefore overruled.

■■ Appellant by a group of propositions complains of the special issue submitted to the jury for determination and of the explanatory charge given by the court in connection therewith. The substance of the issue submitted was whether appellant had been guilty of excesses, cruel treatment, or outrages toward appellee in any of the matters charged against her of such a nature as to render their living together insupportable. Appellant's specific contentions in this connection, as set forth in her proposition complaining of such issue, are that whether the acts of appellant in evidence were such as to render living with her insupportable to appellee was a question of law, that the court should have required the jury to find merely what acts and conduct she had been guilty of, and that the court should, upon consideration of such findings, have determined for himself as a matter of law whether further living with her would be insupportable to appellee. The definition or legal meaning of the term "insupportable" in such connection was a question of law. Byrne v. Byrne, 3 Tex. 336, 340; Bobbitt v. Bobbitt (Tex. Civ. App.) 291 S. W. 964, 965, par. 4. Whether the further living together of the parties would, in view of the facts in evidence, be insupportable to appellee, was a question of fact to be determined in the light of the legal definition of that term.

As said by the court in Caywood v. Caywood (Tex. Civ. App.) 290 S. W. 889, 891, 892, par. 6: "But in its last analysis it is a question of fact to be determined by the jury or the court to which the fact is referred as to whether the matters alleged and proved 'are of such a nature as to render their living together insupportable.'"

See, also, Dawson v. Dawson, 63 Tex. Civ. App. 168, 132 S. W. 379, 381; Golding v. Golding, 49 Tex. Civ. App. 176, 108 S. W. 496, 498; Spruill v. Spruill, 1 Posey, Unrep. Cas. 244–6; McNabb v. McNabb (Tex. Civ. App.) 207 S. W. 129, 133, par. 8; McCullough v. McCullough, supra, page 225, par. 4 of 20 S.W.(2d).

■ The special explanatory charge given by the court in connection with such issue was, in substance, that ill treatment of one spouse by the other is insupportable within the meaning of that term as used in the issue submitted, when from the nature, frequency, and continuance of such ill treatment, if any, there is produced in the mind of the complaining spouse such a degree of mental distress as has impaired, or seriously threatens to impair,

the health of such spouse. Appellant contends that such charge was in fact a comment on the evidence, and also that it constituted, in effect, a general charge. We do not think that said charge should be construed as assuming that appellant was in fact guilty of ill treating appellee. The court guarded against such construction by the use of the hypothetical words, "if any." We think said charge constituted in effect merely a definition or declaration of the legal meaning of the phrase "of such a nature as to render their living together insupportable," as used in said issue with reference to the ill treatment, if any, of appellee by appellant. It is in substance, if not in literal accord with, the definition of such phrase as applied to habitual ill treatment of one spouse by the other in Bobbitt v. Bobbitt, supra, page 965, par. 4 of 291 S. W.

Our statutes provide that the court, in submitting special issues, shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues. Rev. St. 1925, art. 2189. Charges explaining or defining legal terms and phrases have been approved in many cases. E. K. Local Ins. Co. v. Lilly (Tex. Civ. App.) 1 S.W.(2d) 490, 492, par. 3, and authority there cited; Connellee v. Nees (Tex. Com. App.) 266 S. W. 502, 503, par. 2; E. C. Palmer Co. v. First Nat. Bank (Tex. Civ. App.) 2 S.W.(2d) 939, 941, pars. 2 and 6; Missouri K. & T. Ry. Co. v. Long (Tex. Com. App.) 299 S. W. 854, 855, 856, pars. 3 and 4; Texas Pacific Coal & Oil Co. v. Stuard (Tex. Civ. App.) 7 S.W.(2d) 878, 882, pars. 17–19; Hanover v. Hines (Tex. Civ. App.) 11 S.W.(2d) 621, 625, 626, par. 6. Appellant's said propositions are overruled.

■ Appellant's remaining group of propositions present for review the sufficiency of the evidence to satisfy this court that a divorce was properly granted to appellee. The testimony shows that strained relations have existed between appellee and appellant for more than fifteen years. Appellee testified, in substance, that appellant has manifested but little, if any, consideration or affection for him during that time; that she was dissatisfied, petulant, and at times abusive; that more than ten years ago, at her insistent demand, he reluctantly moved the family domicile from Groesbeck to Houston; that he was unable to secure satisfactory and remunerative employment there, and was compelled to return to Groesbeck in order to earn enough to support himself and family; that, contrary to his wishes, and in disregard of his most earnest entreaties, she refused to return to Groesbeck with him; that his health became precarious during the year 1926; that he feared he was losing his mind; and that he attributed such condition to his lonely life and lack of the companionship of his wife and children. He was corroborated in this contention by the testimony of his physician.

He further testified that he visited appel-

lant while in that mental and physical condition, and stated such facts fully to her, and humbly begged her to return and save his health, and possibly his reason or his life; that she bluntly refused his pleadings and told him she would see him dead before she would return to Groesbeck; that he then became convinced that she was entirely devoid of affection or even consideration for him; that, while attempts at adjustment continued until about six months before the filing of this suit, he had arrived at the definite conclusion that it was impossible for them to ever again live together as husband and wife. During all said time appellee maintained a home for appellant and their children in Houston, and made a reasonable allowance for their support, while he lived lonely and alone at Groesbeck, where his employment compelled him to reside.

The testimony discloses that two of the children are now grown and are employed elsewhere, and presumably able to support themselves; that the remaining child was at the time of trial on the eve of graduation from high school; that appellant is employed as a teacher in the schools of Houston, and earning sufficient for her support. The decree of the court, of which no complaint is made by either party, gives her all the household furniture and the use of the homestead as long as she remains single and occupies the same. No other property has been accumulated, and appellee is wholly dependent upon his future earnings for his own support.

Practically all the testimony, except some matters of corroboration, was given by the parties themselves. Our statutes provide that the parties to a divorce suit shall be competent witnesses in the trial thereof, and that their credibility and the weight to be given to their testimony, respectively, shall be determined by the court or jury trying the case. Rev. St. 1925, art. 4633. See in this connection, Blackmon v. Blackmon (Tex. Civ. App.) 11 S.W.(2d) 533; Rauch v. Rauch (Tex. Civ. App.) 237 S. W. 334, 335, par. 1; Wagley v. Wagley (Tex. Civ. App.) 230 S. W. 493, 495, 496, par. 6; Duffer v. Duffer (Tex. Civ. App.) 144 S. W. 354, 355; Reilley v. Reilley (Tex. Civ. App.) 233 S. W. 379, 380, par. 4; Dickerson v. Dickerson (Tex. Civ. App.) 207 S. W. 941, 942, par. 4.

The jury, after hearing the evidence, returned a verdict declaring that the acts of appellant had rendered their further living together insupportable. Motion for new trial was filed by appellant, heard by the court, and overruled. After careful consideration of the entire testimony, of which the foregoing is a very brief summary, we do not feel justified in disturbing the verdict returned and judgment rendered thereon in the trial court.

The judgment is therefore affirmed.