### ROGERS v. ROGERS.
No. 2970.

Court of Civil Appeals of Texas. El Paso.
March 22, 1934.

James R. Harper, of El Paso, for appellant.

Bruce Greenwood, Fryer & Cunningham, and C. L. Galloway, all of El Paso, for appellee.

HIGGINS, Justice.

Mrs. Rogers brought this suit against her husband, W. E. Rogers, for divorce alleging excesses, cruel treatment, and outrages upon the part of the defendant of such a nature as to render their living together insupportable.

The jury found:

First. That "on or about the time complained of by the plaintiff, the defendant brandished a pistol before plaintiff and made threats against her, as alleged in her petition."

Second. That "such conduct on the part of the defendant was not such cruel treatment toward the plaintiff as to render the further living together of plaintiff with defendant insupportable."

A third finding fixed $100 as a reasonable fee for plaintiff's attorney in the prosecution of the suit.

Judgment was rendered denying a divorce and recovery of attorney's fee.

Error is assigned to the action of the court in overruling appellant's motion for judgment upon the verdict. In this connection it argued the first finding established that defendant committed the acts charged as grounds for divorce and upon such finding she was entitled to a divorce; that the second question should not have been submitted because it was a question of law for the court to determine and not an issue of fact whether the acts charged were of such nature as to render it insupportable for the parties to live together.

In Caywood v. Caywood (Tex. Civ. App.) 290 S. W. 889, 891, it was held that: "It is a question of fact to be determined by the jury or the court to which the fact is referred as to whether the matters alleged and proved 'are of such a nature as to render their living together insupportable.'"

Again, in Arendale v. Arendale (Tex. Civ. App.) 22 S.W.(2d) 1080, 1082, Chief Justice Gallagher said: "The definition or legal meaning of the term 'insupportable' in such connection was a question of law. Byrne v. Byrne, 3 Tex. 336, 340; Bobbitt v. Bobbitt (Tex. Civ. App.) 291 S. W. 964, 965, par. 4. Whether the further living together of the parties would, in view of the facts in evidence, be insupportable to appellee, was a question of fact to be determined in the light of the legal definition of that term."

In Kyle v. Kyle (Tex. Civ. App.) 55 S.W.(2d) 885, 886, it was said: "The question of whether the acts of cruelty, if proven, rendered their further living together insupportable, was also one of fact and not one of law."

These authorities foreclose against appellant the theory that she was entitled to a divorce upon the first finding.

Nor can the further contention be sustained that the evidence is insufficient to sustain the second finding. The jury might rightfully consider all of the facts and circumstances reflected by the record in considering the second question.

Judge Speer, in his work on Marital Rights (3d Ed.) § 600 says: "While a slight and single instance of assault and battery, if accompanied by other circumstances which go to make such treatment insupportable, will be sufficient to authorize a decree, yet, clearly, it is not every outburst of anger, even if accompanied by actual violence, that ought to decree a perpetual severance of the marital relation. We shall see that the

circumstances surrounding the ill treatment have much to do with the consequences. Recrimination may defeat entirely what would otherwise be good cause for dissolution. Even aside from recrimination and condonation, if the circumstances indicate that the act of cruelty was not such as would be likely seriously to endanger the person or feelings of the injured one, and would probably not occur again, and did not amount to such ill treatment as to make longer marital relations insupportable, most clearly it would be a perversion of the law to grant a divorce for it."

Upon an examination of all the testimony upon the issue, we are of the opinion the evidence warranted the finding made upon the second issue. The defendant is 74 years of age, the plaintiff past 60; they lived together as man and wife for over 40 years, and it would seem that people who have so lived together for that length of time could finish the journey of life together. It is true during all that time the evidence shows there have been occasional marital "spats" and fits of ill temper on the part of the defendant, but they got along for over 40 years, and the jury was warranted in believing the defendant was not altogether responsible for the discord between the parties. According to defendant's testimony he was not, and the jury had the right to adopt that view. We, therefore, overrule the contention that the second finding is contrary to the evidence.

The entry by the court of the nunc pro tunc order permitting defendant to withdraw paragraph 8 of his answer presents no reversible error. It in no wise affects the proper determination of this appeal. The result would be the same if the order had not been made.

Nor did the court err in refusing to render judgment in plaintiff's favor for her attorney's fee. The only reference in the petition to attorney's fees is in the prayer "for reasonable attorney's fees as costs of suit."

Attorney's fees for the wife in cases of this nature are not properly costs of suit, but she may recover them as necessary in a proper case, and as ancillary relief to which she is entitled. Speer, Marital Law (3d Ed.) § 638.

But whether recoverable in a separate suit or as ancillary relief in the divorce action, they cannot be allowed unless supported by pleadings and proof showing that she is entitled thereto. Jeter v. Jeter (Tex. Civ. App.) 281 S. W. 598.

The allegations of the petition are insufficient to support a judgment for such fee.

Furthermore, her right to recover same depends upon her good faith and probable cause in bringing the suit. Speer, Marital Law (3d Ed.) § 638; Howard v. LaCoste (Tex. Civ. App.) 270 S. W. 181.

The fact that her suit was not successfully maintained is not conclusive against the plaintiff upon the issue of good faith and probable cause, but it is an issue upon which her right to recover an attorney's fee depends. Since there is no finding by the jury upon such issue and no request for the submission of the same, she is deemed to have waived such issue as a ground of recovery. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, and the many cases following same.

What has been said disposes of all questions presented.

Affirmed.