## INGHAM v. INGHAM.

### No. 6127.

Court of Civil Appeals of Texas. Amarillo.
Jan. 22, 1951.

Rehearing Denied April 2, 1951.

Second Motion for Rehearing Overruled
May 14, 1951.

410

Harris M. Kimbrough, Amarillo, for appellant.

Gibson, Ochsner, Little, Harlan & Kinney, Amarillo, for appellee.

LUMPKIN, Justice.

The appellee, George G. Ingham, filed this suit for divorce against his wife, the appellant, Margaret A. Ingham. He alleged that shortly after their marriage the appellant began a course of cruel treatment and outrageous conduct which continued during the time the parties were married; that appellant was of a jealous disposition and had an ungovernable temper; that without provocation the appellant accused the appellee of infidelity and had nagged, fussed and quarreled with the appellee; that on several occasions the appellant's conduct was such as to compel him to leave her; and that the appellant's conduct in fussing, quarreling and making false accusations against the appellee had been of such a nature as to make their further living together insupportable. The parties were married on November 1, 1943, and finally separated on October 5, 1949. No children were born of this marriage.

The appellant filed a cross-action for a divorce which alleged that shortly after their marriage the appellee commenced a course of harsh, unkind and cruel treatment which continued with few intermissions until the parties were finally separated. She alleged that the appellee had accused her of nagging him; had neglected and mistreated her during their entire married life to the impairment of her health. Further, she alleged, that on the occasion of their separation appellee had told her that it was impossible for them to live together; that he was leaving her and would not return; and that he did not love her and was through with her. She alleged that such acts and conduct on the part of the appellee had rendered their further living together insupportable. Appellant asked the court to appoint an auditor to report as to the properties and incomes of the parties. Both parties asked for a division of their property.

The case was submitted to the court without the intervention of a jury and resulted in a judgment which granted the

appellee a divorce from the appellant and ordered a division of the property. To this judgment the appellant duly excepted and has perfected her appeal to this court.

In attacking the trial court's judgment the appellant contends that the evidence is insufficient to support the court's decree granting the appellee a divorce. The appellant insists that under the evidence she should have been granted the divorce.

Article 4629, Vernon's Annotated Civil Statutes, insofar as it relates to cruel treatment as a ground for divorce, provides that a decree shall be granted "Where either party is guilty of excesses, cruel treatment, or outrages toward the other, if such ill treatment is of such a nature as to render their living together insupportable."

 It is impossible to lay down a precise rule by which it can be decided whether a given state of facts discloses cruelty of such a nature as to render the further living together of the parties insupportable. Each case depends upon its own peculiar circumstances. "Cruelty," as the word is used in divorce cases, has been defined as such an act as will endanger or threaten the life, limb or health of the aggrieved party, including any outrages upon the feelings or any infliction of mental pain or anguish. McAlister v. McAlister, 71 Tex. 695, 10 S.W. 294. Our courts have held that "cruel treatment" need not be confined to acts of violence alone. The true test is whether the treatment rendered further living together insupportable. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459; Harrell v. Harrell, Tex.Civ.App., 206 S.W.2d 109.

 The term "insupportable" is defined as "incapable of being supported or borne, unendurable, insufferable, intolerable." Bobbitt v. Bobbitt, Tex.Civ.App., 291 S.W. 964, 965. In the case of Sheffield v. Sheffield, 3 Tex. 79, it is said: "It cannot be doubted that a series of studied vexations, and deliberate insults and provocations would, under our statute, be sufficient cause for divorce, without apprehension of personal violence, or bodily hurt. This would constitute the intolerable treatment contemplated by the statute."

In this case the evidence is sometimes obscure and the testimony often difficult to follow. However, from the appellee's point of view, the following may be gleaned from the record: Both parties had been married before. During part of their married life, the appellant owned and operated a beauty parlor. The appellee is a dentist, specializing in oral surgery. From the testimony concerning his yearly income, it is apparent that he enjoys a large and lucrative practice. Soon after the parties were married, the appellant accused the appellee of being in love with his surgical assistant and, as we read the record, during their entire married life the appellant was extremely jealous of those women who served the appellee in this capacity. There is nothing in the record which would justify the appellant's accusations.

The evidence reveals that the appellee took considerable pride in the practice of his profession. He sought the respect of his fellow-practitioners and, on one occasion, he felt highly honored when a fellow-dentist asked him to operate upon his wife. In this connection the appellee testified: "It was the biggest compliment I had ever had paid me, and I wanted it to go over." The patient lived in Colorado Springs, and the operation was to take place there. The appellee planned that the appellant should go with him to Colorado. However, he was so apprehensive of what her conduct might be on this trip that before going he warned her that Miss Baker, his surgical assistant, was also going to Colorado Springs. He told the appellant that she would probably hear the other doctors complimenting Miss Baker in her work as a surgical assistant, and the appellee asked the appellant not to show jealousy or, as he said, "get into a tantrum." One gathers from reading the record that, before this episode was over, the appellant did express her jealousy of Miss Baker. The appellee had more than one employee. Often he took some of the nurses or assistants to the office in the morning and

412

sometimes brought them home from the office at night. After a day of operations it was not unusual for the appellee to be quizzed at night concerning which of the nurses or assistants he had taken to or from the office. He said that his wife drank, that she was nagging and suspicious and that she used bad language when angry. The appellant denied some of the appellee's statements.

The evidence shows that the parties separated four times during the six years they were married. Both parties testified that they quarreled almost continually; both stated that it would be impossible for them to live together as husband and wife.

■■ Not every fuss or quarrel, or the drunkenness of either party, affords a ground for a divorce; nor will an occasional outbreak of temper or obstreperous conduct or bad language which is the result of sudden passion on the part of either spouse justify a divorce. The acts of the guilty spouse must be more than trivial. They must be of such a nature as to be injurious to the health or pride of the other party. Ellis v. Ellis, Tex.Civ.App., 251 S.W. 287. They must be such as to justify the legal conclusion that the ill-treatment of the injured party has rendered living together unendurable. 15 Tex.Jur. 455, et seq. The station in life, degree of refinement and sensibilities of the parties, together with all the attending circumstances, should enter into a determination of whether the defendant's conduct is such as to constitute cruelty or render living together insupportable. Bahn v. Bahn, 62 Tex. 518.

■ In our opinion the evidence is sufficient to support a decree of divorce for either the appellant or the appellee. Although the evidence is conflicting, the trial court granted the divorce to the appellee. Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124. It was for the trial court to determine whether the appellant's display of a jealous disposition and her groundless accusations—when taken in connection with her husband's pride and professional aspirations—were of such a na-

ture as to render their further living together insupportable. Bell v. Bell, Tex.Civ. App., 135 S.W.2d 546, 548. The court found in appellee's favor, and we find sufficient evidence to support this portion of its judgment. Golding v. Golding, 49 Tex.Civ. App. 176, 108 S.W. 496; Dawson v. Dawson, 63 Tex.Civ.App. 168, 132 S.W. 379; Arendale v. Arendale, Tex.Civ.App., 22 S.W.2d 1080; Shepard v. Shepard, Tex. Civ.App., 139 S.W.2d 195; McFadden v. McFadden, Tex.Civ.App., 213 S.W.2d 71, 74.

The appellant insists that the trial court erred in its division of the property. In this case the parties agree as to which of their property is separate and which is community. With the exception of several small items of personal property which each party owned prior to the marriage, the property owned by either or both of the parties is described in the record and its reasonable market value is established.

The trial court awarded to the appellant the home, valued at $20,000 but subject to a mortgage in the amount of $10,945.74; two tracts of land, valued at $5,000 but subject to a mortgage in the sum of $3,031.80; a 1949 Packard Sedan, valued at $1,308 and subject to a lien in the amount of $733.04; a lease covering a 10-year period from which the appellant receives a net income of $62 per month; a secured note on which there is an unpaid balance of $5,000; cash in the amount of $2,800.42; all of the furniture except a few items which were the separate property of the appellee; the equity in her life insurance; and an equity in the O'Hearne estate valued at $15,121.55.

To the appellee the court awarded an airplane, valued at $4,000; a 1947 Oldsmobile valued at $897; his office equipment, valued at $2,500; his accounts receivable subject to the accounts payable; fishing equipment, some of which was owned prior to his marriage, valued at $650; an equity in six town lots, which were owned prior to the marriage, valued at $1,500; cash in the amount of $3,688; the equity in his life insurance policies; and several other items of personal prop-

erty which had belonged to the appellee prior to the marriage.

Our courts are vested with wide discretionary powers in the division of property in suits for divorce. In the absence of abuse of such discretionary powers, the trial court may divide the property, separate or community, in such a way as will seem right, just and proper to the court. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Clark v. Clark, Tex. Civ.App., 35 S.W.2d 189; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305. The appellant contends the trial court abused its discretion in failing to take into consideration the difference in the respective incomes of the parties, and she maintains that the court should have required that all of the personal property owned by the appellee be conveyed to her or sold and the proceeds paid to her.

The trial court in dividing property between the parties in a divorce suit may take into consideration any disparity between the earning powers, the business opportunities, capacity and ability of the parties, and the benefits which the party not at fault would have derived from the estate of the other party through a continuance of their marriage. Liddell v. Liddell, Tex.Civ.App., 29 S.W.2d 868; Farris v. Farris, Tex.Civ.App., 15 S.W.2d 1083; Bagby v. Bagby, Tex.Civ.App., 186 S.W.2d 702; 15 Tex.Jur. 584.

The appellee has a net income varying between $8,000 and $20,000 a year. According to the record, he has a net worth of approximately $11,000. He has no income producing property; his income is derived entirely from the practice of his profession. The trial court found the appellant to be the guilty party. She has an estate valued in excess of $40,000 and, as far as this record shows, she is physically able to work. It is true that the record does not disclose the amount of appellee's accounts receivable or the value of his life insurance policies. The appellee, however, was a witness in the case and the appellant had ample opportunity to question him concerning these matters. In our opinion the appellant has failed to show wherein the trial court abused its discretion in the division of the property.

Appellant complains because the trial court failed to appoint an auditor. Under Rule 172, Texas Rules of Civil Procedure, the court may appoint an auditor "to state the accounts between the parties and to make report thereof to the court as soon as possible." The court shall appoint an auditor only when it "appears necessary for the purpose of justice between the parties".

In this case an auditor was not necessary. A full showing was made with respect to all of the assets. The appellant had the opportunity of cross-examining all of the witnesses. On one occasion appellant's counsel refused to examine her concerning the property by saying: "No, I think we will have to have an auditor to do that."

The appellant insists that this case should be reversed and remanded because the appellee has been divested of title to real estate. In its judgment the court granted the appellant two tracks of land which presumably were purchased with community funds. The appellant is relying on that portion of the statute, Article 4638, to the effect that the court shall not compel either party to divest himself of the title to real estate. The appellee does not object to this portion of the court's judgment. Appellant contends, citing Fisher v. Jordan, D.C., 32 F.Supp. 608, that as a result of the court's action she is at most a life tenant or tenant for a term with the appellee as remainderman. We believe the trial court was conscious of this rule of law when it awarded the appellant the two tracts of land. It is the duty of this court to indulge every reasonable presumption that the trial court exercised its discretion properly. We are authorized to reverse the case only where there is a flagrant abuse of that discretion. Turman v. Turman, Tex.Civ.App., 99 S.W.2d 947.

Since no flagrant abuse is shown by this record, we overrule all of the appellant's points of error and affirm the judgment of the court below.