**C. V. DAUGHTRY, Appellant,**

v.

**Ola Mae DAUGHTRY, Appellee.**

No. 6764.

Court of Civil Appeals of Texas.

Amarillo.

April 21, 1958.

Sanders, Scott, Saunders & Smith, Amarillo, for appellant.

· Braly & Braly, Pampa, for appellee.

**CHAPMAN, Justice.**

This is a divorce case without any question of child custody or property rights involved. Ola Mae Daughtry was granted a divorce against C. V. Daughtry in the court below on alleged statutory grounds of cruel treatment. The case is before us upon a challenge by appellant, C. V. Daughtry of the sufficiency of the evidence to justify the court below in granting the divorce.

The decree of divorce under consideration is the third divorce granted appellee against appellant. The testimony shows that through the years appellant was guilty of studied vexations and trivial aggravations, which appellee testified, in effect, were of such nature as to cause her to be mentally and physically sick. He hid her iron when she was trying to get the ironing done for her daughter whose child was ill with the yellow jaundice. When she was talking to a friend over the telephone he turned the television up so high she could not carry on the conversation. He went into the cafe where she was working during the supper rush and told her he heard she had intimate relations with another man, causing her to become so frustrated she made a mistake at the cash register that led to her being discharged. The testimony shows that he later wrote her a letter admitting he had no basis for the statement concerning her unfaithfulness. Appellee further testified appellant didn't like any of her friends, would not be nice to them when they visited her, and that on one occasion when a bus driver and his wife came over to get some clothes she promised for a neighbor whose house had burned appellant so conducted himself that the people left hurriedly without the clothes. Appellee admitted she remarried him and lived with him after some of the acts above described, but testified:

"Q. You say when you remarried him in 1955 that Mr. Daughtry told you, in order that you would go back to him, that he would cut out that kind of stuff? A. Yes, sir.

"Q. And he didn't cut it out? A. No, he sure didn't."

Appellee testified she was nervous and in bad health during the time she lived with appellant. One cannot read this record without coming to the conclusion that she was weak in emotional balance and was of a nervous disposition. In fact, the record shows she had a hysterectomy a few months after her last separation.

■■ We recognize the well-established rule that cruelty in a divorce case must be established by full and satisfactory evidence, not only to the trial court but also to an appellate court. Hogue v. Hogue, Tex.Civ.App., 242 S.W.2d 673; Resendez v. Resendez, Tex.Civ.App., 282 S.W.2d 318. However, this court has held that whether a given statement of facts discloses cruelty of such nature as to render further living together of parties insupportable, making a divorce proper, depends upon the particular circumstances of each case. Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409.

■ If the record of this case had shown appellee to be a strong, healthy woman the evidence of cruelty might be insufficient to constitute grounds for divorce. What would constitute grounds for cruelty against one person might not be cruelty against another. "Cruelty" as that word is used in divorce cases, is an act that endangers or threatens life, limb or health of the aggrieved party, including any outrages upon the feelings or any infliction of mental pain or anguish. Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409.

■■ The facts of this case were submitted to the trial court, a jury having been waived. No findings of fact or conclusions of law were requested. In the absence of findings of fact in a case tried without a jury, it is settled law that an appellate court must test the validity of the judgment on the assumption that the trial court found every disputed fact in such a way as to support the judgment he rendered. Construction and General Labor Union, Local No. 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958. When the rules just announced are applied to the facts of this case we believe the testimony was sufficient for the trial court to find such cruelty as to justify the granting of a divorce. Having done so, we cannot say in examining the record as a whole that the trial court abused its discretion.

■ It is urged by appellant that appellee admitted he was not guilty of any physical violence upon her. She did testify that following their last marriage he was not guilty of physical abuse against her, but it is well settled law that cruel treatment, warranting divorce, is not confined to physical violence, but may consist of deliberate insults and provocations. McCullough v. McCullough, 120 Tex. 209, 36 S.W.2d 459.

Believing the trial court was justified, from the facts of this particular case, in granting the relief prayed for, the judgment of the trial court is affirmed.